OPINION OF THE COURT
Simons, J.
Petitioner, seeking a promotion in the competitive classification of the civil service, took the required examination and achieved the third highest score. His certification was delayed, however, because he was found to be medically unqualified. After administrative proceedings, the disqualification was reversed but the eligible list on which his name appeared expired before the Department of Personnel certified him. He instituted this proceeding to compel establishment of a special eligibility list, claiming that this is the appropriate remedy under our decision in Matter of Mena v D’Ambrose (44 NY2d 428) and that it is warranted by the Due Process Clauses of the State and Federal Constitutions.
Before being entitled to placement on a special eligible list for a civil service position, an applicant must bring a proceeding, before the list expires, successfully challenging the validity of the list itself. Because petitioner does not challenge the validity of the eligible list as being contrary to the merit and fitness requirements of the State Constitution (art V, § 6), he *528 has no right to the relief requested. This conclusion does not violate due process of law under either the Federal or State Constitutions; nor is distinguishing between applicants who attack the constitutional validity of the list and those that allege only that they were otherwise eligible, arbitrary and capricious. Accordingly, the order of the Appellate Division should be reversed and the judgment of Supreme Court dismissing the petition should be reinstated.
I
Petitioner Melvin Deas is employed as a bus maintainer helper "B” by the New York City Transit Authority. In October 1983, he applied for promotion to the position of bus maintainer "A”. Petitioner passed the required civil service examination and ranked third on the eligible list established in March 1984. In August of that year a position became available and he was asked to report for a medical examination. Following a psychiatric evaluation, the Transit Authority disqualified petitioner from employment on medical grounds. He appealed the disqualification to the New York City Department of Personnel which held a hearing and conducted a second psychiatric examination. In March 1985, the New York City Director of Personnel disqualified petitioner for medical reasons based on the psychiatrists’ reports. Petitioner then took his final administrative appeal to the New York City Civil Service Commission and requested a hearing. On August 14, 1986, the Civil Service Commission reversed the Department of Personnel’s decision and concluded that petitioner was medically eligible for the promotion. On September 5, 1986, the Department of Personnel notified petitioner that it could not certify him for the position because the eligible list had expired on August 27, 1986 upon the formation of a new list based upon a competitive examination held in July. Petitioner had not taken the July examination, thus his name was not on the new eligible list, and he requested that his name be placed on a special eligible list. His request was denied and he initiated this article 78 proceeding, contending that the refusal to certify him for the bus maintainer "A” position was arbitrary and capricious and violated his right to due process of law under the State and Federal Constitutions.
Supreme Court dismissed the petition but the Appellate Division reversed and granted the petition, directing petitioner’s name be placed on a special eligible list. Two Justices *529 concluded that petitioner’s case was distinguishable from our decision in Matter of Tanzosh v New York City Civ. Serv. Commn. (44 NY2d 906) because in this case, unlike Tanzosh, the eligible list did not expire until after the administrative appeals process had been completed and the Civil Service Commission had determined that petitioner was medically eligible. They also held, relying on Logan v Zimmerman Brush Co. (455 US 422), that denying petitioner certification would constitute a violation of his Federal due process rights. Justice Wallach concurred in result, concluding that Tanzosh could not be distinguished from the case at bar, but that strict application of the Tanzosh rule results in an unconstitutional deprivation of the opportunity to be heard and a violation of equal protection of the law. Justices Sandler and Sullivan dissented and voted to affirm. The Department of Personnel has appealed as of right (see, CPLR 5601 [a]).
II
Article V, § 6 of the NY Constitution provides in pertinent part, "Appointments and promotions in the civil service of the state and of all of the civil divisions thereof * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”. Pursuant to this provision, periodic examinations are given to candidates for appointment and promotion in the civil service and, after the results of an examination are calculated, an eligible list is established which places the successful candidates in order of their grades. The list continues for not less than one nor more than four years. An eligible list that has been in existence for one year or more terminates upon the establishment of a new list "unless otherwise prescribed by the state civil service department or municipal commission having jurisdiction” (Civil Service Law §56). Appointments must be made from names appearing on the list but the appointing authority is free, in its discretion, to select any one of the top three candidates.
For many years we interpreted these provisions to mean that a civil service applicant could not be appointed from an expired list. In the words of former Chief Judge Loughran, it is "a legal impossibility” (Matter of Cash v Bates, 301 NY 258, 261; see also, Matter of Carow v Board of Educ., 272 NY 341, 345-346; Ciaccia v Board of Educ., 271 NY 336, 339; Hurley v Board of Educ., 270 NY 275, 280). In Hurley, the seminal case *530 on the subject, the Legislature passed a law which sought to revive an expired list. The plaintiff argued that the statute did not disregard the merit and fitness requirement of the State Constitution since it permitted appointments only from an eligible list previously prepared after a competitive examination. We rejected her argument, stating: "Competitive examination, so far as practicable, is the sole test of merit and fitness permitted by the Constitution. Preference among those qualified for a position must be determined solely by relative standing upon the eligible list then in force. Favor must be excluded. It is not excluded when without a new examination the Legislature commands that appointments must be made from an eligible list then not in force * * *. A competitive examination may demonstrate merit and fitness, at the time of the examination. As time passes, its value as a test of merit and fitness diminishes. Others may, then, be better prepared and more fit to fill a position than those who are upon the list.” (Id., at 280 [emphasis in original].)
In 1978, we rendered three decisions which, it appears from the several opinions of the Appellate Division, have generated confusion in this area. In the first case, Matter of Mena v D’Ambrose (44 NY2d 428, supra), we established a narrow exception to our previous rule, holding that when an applicant demonstrates in a judicial action instituted prior to the expiration of the eligible list that it is based on an erroneously scored test, the statutory life of the list does not begin until the list is corrected. Thus, we directed that petitioner, having successfully challenged the legality of the list, be placed on a special eligible list. In Matter of New York City Dept. of Personnel v New York State Div. of Human Rights (44 NY2d 904), we held that an applicant, who was wrongly passed over for appointment because of her age, could not be placed on a special eligible list because she did not file her administrative complaint until after the eligible list had expired. Finally, in the third decision, Matter of Tanzosh v New York City Civ. Serv. Commn. (44 NY2d 906, supra), a case indistinguishable from the matter under consideration, the applicant was initially found medically unfit for the position of patrolman, but it was determined in an administrative proceeding, concluded seven months after the expiration of the list, that he was medically eligible for certification. Tanzosh’s claim that he should be placed on a special eligible list was denied.
All five Appellate Division Justices read these decisions to mean that petitioner’s entitlement to relief depended upon *531 whether a judicial, as opposed to an administrative, proceeding had been commenced prior to the expiration of the eligible list. Although the commencement of a proceeding before the list expired was necessary, the controlling issue was not the nature of the proceeding, but the nature of the claim. Thus, Mena is different from Tanzosh not only because Mena commenced a judicial action prior to the expiration of the list, but also because Mena challenged the validity of the list itself, asserting that the constitutional merit and fitness requirements had been violated and unqualified individuals were obtaining civil service employment. As these decisions make clear, it is not sufficient to attack either the validity of the eligible list (see, Matter of Cash v Bates, 301 NY 258, supra) or commence a proceeding before the list has expired (see, Matter of Tanzosh v New York City Civ. Serv. Commn., supra). Relief may not be granted unless the applicant does both.
Unlike the petitioner in Matter of Mena, petitioner has not alleged that the eligible list is constitutionally invalid, only that he was wrongfully denied certification. Thus, under the rule applied in Matter of Tanzosh, he is not entitled to be placed on a special eligible list. Unless application of our rules violates Federal due process, appointment of petitioner is impossible because appointment of an individual from a constitutionally valid expired list violates article V, § 6 of the NY Constitution (Ciaccia v Board of Educ., 271 NY 336, 339, supra; Hurley v Board of Educ., 270 NY 275, 280, supra).
HI
Analysis of petitioner’s due process claim begins with the identification of the particular property interest affected, if any, and once identified, the determination of what process is due him (Mathews v Eldridge, 424 US 319; Goldberg v Kelly, 397 US 254). The Constitution does not create property interests (Bishop v Wood, 426 US 341, 344; Perry v Sindermann, 408 US 593, 599-603; Matter of Economico v Village of Pelham, 50 NY2d 120, 127). Rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law— rules or understandings that secure certain benefits and that support claims of entitlement to those benefits” (Board of Regents v Roth, 408 US 564, 577; see also, Martinez v California, 444 US 277, 282, n 5; Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 73-74).
*532 As petitioner concedes, successful completion of a civil service examination does not create a property interest in appointment to the position for which he has applied (see, Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526, 529-530; Hurley v Board of Educ., 270 NY 275, 279, supra). Nor does the fact that the statutes grant applicants the right to appeal adverse decisions create any property right. Petitioner’s claim is that having successfully completed the examination he is entitled to be considered for promotion. He relies on Drogan v Ward (675 F Supp 832) in which the Federal District Court for the Southern District of New York held that Civil Service Law § 61 and section 3.6 of the Rules and Regulations of the Department of Civil Service (4 NYCRR) served to provide an applicant who has successfully passed an examination with a "claim of entitlement” to be considered for promotion or appointment (see also, Griffin v Carey, 547 F Supp 449, 453).
The Drogan holding is contrary to New York law. In Matter of Cassidy v Municipal Civ. Serv. Commn. (37 NY2d 526, supra), we considered what right, if any, applicants possess after successfully passing a civil service examination, and concluded that they do "not possess any mandated right to appointment or any other legally protectible interest. [They] can assert at most the right to consideration for and a ’hope’ of appointment” (id., at 529 [emphasis added]). As the Supreme Court noted in a similar situation, petitioner may have had a "unilateral expectation” that he would be considered for a position, but he had no claim of entitlement (Board of Regents v Roth, supra, at 577; for illustrative purposes compare, Bishop v Wood, supra, with Arnett v Kennedy, 416 US 134; and Board of Regents v Roth, supra, with Perry v Sindermann, supra). Since petitioner had no property interest to be considered for appointment, the inability of the Department of Personnel to certify him as eligible after expiration of the list upon which his name appeared did not deny him due process of law.
Even if petitioner’s argument is accepted, however, it does not entitle him to be placed on a special eligible list. Whatever property interest he might have had to be considered for employment was limited by the life of the eligible list on *533 which his name appeared and the list expired before this action was commenced.[1]
Petitioner also relies on the United States Supreme Court’s decision in Logan v Zimmerman Brush Co. (455 US 422, supra) to support his due process claim. In Logan, an individual’s employment discrimination claim was inadvertently terminated because the State, although obligated by statute to do so, did not arrange for a fact-finding conference between the claimant and the employer within 120 days after his administrative complaint was filed. Its failure effectively terminated the claim. The Supreme Court concluded that the right of a claimant to use the adjudicatory procedure contained in the Illinois Fair Employment Practices Act was a species of property right protected by the Due Process Clause, and that the State’s failure to consider the merits of Logan’s charge before deciding to terminate his claim denied him due process. In a separate opinion, Justice Blackmun, joined by three other members of the court, concluded that the 120-day limitation denied claimant equal protection of the law because there was no rational basis for distinguishing between claims processed within 120 days and otherwise identical claims not receiving a hearing within that time.
Petitioner’s attempt to bring his case within Logan[2] fails for several reasons. First, unlike the property interest at stake in Logan, the requirement that a civil service applicant demonstrate eligibility prior to the expiration of the eligible list is *534 not a procedural limitation on the ability of the applicant to assert his or her rights; it is "merely one aspect of the State’s definition of that property interest” (Martinez v California, 444 US 277, 282, n 5, supra). The State, having created the property interest may also define its dimensions. Here petitioner’s asserted property interest was of no greater duration than the life of the eligible list. The distinction is between defining the substantive nature of the right created, which is within the Legislature’s power, and determining what process is due to protect the right once it has been defined (compare, Martinez v California, supra, with Mullane v Central Hanover Trust Co., 339 US 306). Even if one characterizes our rules limiting consideration for appointment to the life of the list as a statutory deprivation, however, "it would remain true that the State’s interest in fashioning its own rules * * * is paramount to any discernible federal interest, except perhaps an interest in protecting the individual from state action that is wholly arbitrary or irrational” (Martinez v California, supra, at 282). Far from being arbitrary or irrational, the rule which requires civil service appointments to be made from a current rather than expired list is constitutionally mandated. Thus, unlike the situation in Logan where neither of the State’s two express purposes for enacting the FEPA — "eliminating employment discrimination, and protecting employers and other potential defendants 'from unfounded charges of discrimination’ ” — were advanced by the 120-day deadline provision (Logan v Zimmerman Brush Co., supra, at 439), the rule that civil service applicants be appointed from the most recent list promotes New York’s constitutional directive.
Nor is there any constitutional prohibition against distinguishing between applicants who have attacked the validity of the list prior to its expiration as being in derogation of the constitutional merit and fitness requirements (e.g., Matter of Mena v D’Ambrose, 44 NY2d 428, supra) and those who have only alleged they have been wrongly ruled ineligible for medical or similar reasons (e.g, Matter of Tanzosh v New York City Civ. Serv. Commn., 44 NY2d 906, supra). The integrity of the civil service system is placed in issue only where the applicant successfully attacks the validity of the list. When that has been done, we have extended the corrected list, because the original was never valid; a special list was created, to continue for a period of one to four years pursuant to section 56. Manifestly, that remedy was not required as a *535 matter of due process, but because of State requirements that appointments be based on merit.
Finally, there is no significance to the fact that in this case petitioner demonstrated eligibility 12 days prior to the expiration of the eligible list rather than after its expiration, as in Tanzosh. The Department was not required to certify him immediately upon learning of the administrative determination. It had four months, pursuant to article 78 of the CPLR, to consider whether to appeal the Civil Service Commission’s decision and not until the expiration of this four-month period did a proceeding in the nature of mandamus to compel properly lie. Moreover, as noted by Justice Sullivan below, petitioner’s loss of the appointment was not necessarily caused by the Department of Personnel’s failure to certify him. Assuming that the Department did certify petitioner on the day the Civil Service Commission rendered its decision, it was not required to appoint him during the 12-day interval between the date of decision and the expiration of the list (see, Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526, supra).
Accordingly, the order of the Appellate Division should be reversed and the judgment of Supreme Court dismissing the petition reinstated, without costs.

. We note there are no allegations that petitioner’s rights were impaired by bad faith or arbitrary action by the Department of Personnel during the appeals process.
We also observe that, contrary to petitioner’s claim, the City Department of Personnel was not obligated to provide petitioner with personal notice that the list on which his name appeared would soon expire. Petitioner was on notice pursuant to Civil Service Law § 56 that an eligible list may be superseded by a new list at any time after the passage of one year. Moreover, petitioner was placed on notice that a new civil service examination was being held while he was appealing his disqualification for medical reasons. Nothing prevented him from taking this examination and thereby attempting to qualify for the new eligible list.

. Although petitioner does not make an equal protection claim as such, the second part of his due process argument, based on his reading of Matter of Mena v D’Ambrose (44 NY2d 428) and Matter of Tanzosh v New York City Civ. Serv. Commn. (44 NY2d 906) that the State has acted arbitrarily and without a rational basis in distinguishing between applicants that commence judicial proceedings prior to the expiration of the list and those that only file administrative proceedings, is not substantively different from the arguments made in the concurring opinion in Logan.