FIRST DEPARTMENT, JUNE, 1989

(June 1, 1989)

■ GWENDOLYN CORBETT, Individually and as Parent and Natural Guardian of KIMBERLY CORBETT, an Infant, Appellant, v LEE H. REYNOLDS, Respondent, et al., Defendants.—Order of the Supreme Court, Bronx County (Harold Tompkins, J.), entered on December 8, 1987, which, *inter alia,* granted the motion of defendant-respondent Lee H. Reynolds to dismiss the complaint as against him, pursuant to CPLR 3211 (a) (5), on the ground that the action was untimely, unanimously modified, on the law, to the extent of reinstating the second cause of action, and otherwise affirmed, without costs.

Plaintiff-appellant Gwendolyn Corbett, in her own right and on behalf of her infant daughter, Kimberly Corbett, brought this action against defendant-respondent Lee H. Reynolds, a Marshall of the City of New York, as well as against two other defendants, Joseph Tyler, a licensed process server employed by the City of New York, and Efficient Moving Corp., a furniture moving company hired by defendant Reynolds. Neither Tyler nor Efficient Moving Corp. are parties to this appeal.

The complaint contains numerous common-law, New York statutory causes of action, and a claim under 42 USC § 1983. The motion court held that all causes of action were untimely. We disagree only to the extent of holding that the claim under 42 USC § 1983 is timely.

The United States Supreme Court has recently held that the applicable Statute of Limitations for 42 USC § 1983 actions is the State's general or residual personal injury Statute of Limitations. *(Owens v Okure,* 488 US —, 102 L Ed 2d 594 [1989].)* In New York the general personal injury statute, contained in CPLR 214 (5), provides for a three-year limita-

tions period. Inasmuch as the action was commenced within three years of the alleged violations, the motion court erred in granting the motion to dismiss the second cause of action on Statute of Limitations grounds. Concur—Murphy, P. J., Sullivan, Asch and Kassal, JJ.