■ In the Matter of JOSEPH NAPOLI et al., on Behalf of Themselves and Others Similarly Situated, Appellants, v JUDITH LEVITT, as Personnel Director of the City of New York, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered on

December 7, 1990, which denied and dismissed the CPLR article 78 petition and held that the challenged practice of the random tie-breaking procedure of rule 4.4.11 of the Rules and Regulations of the New York City Director of Personnel was not arbitrary or capricious and that it did not violate the New York State Constitution, unanimously affirmed, without costs.

Petitioners, now firefighters, were candidates for the entry-level position of firefighter who took Firefighters Competitive Examination No. 1162 in 1983 and achieved a score of 96.5. They were placed on an eligibility list and their positions were determined by a tie-breaking procedure pursuant to rule 4.4.11 of the Director of Personnel, which determined their placement randomly by use of their social security numbers. Petitioners contend that this procedure is for administrative purposes only and has no legitimate relevance to competitiveness. They further maintain that the tie-breaker was prejudicial because they were hired later than other candidates with identical scores, which caused them to enter service at a lower pay grade.

Rule 4.4.11 is consistent with 4 NYCRR 3.6 which permits the use of impartial tie-breaking mechanisms if two or more eligibles receive the same final rating in an examination. Moreover, petitioners' claim that the phrase "administrative reasons" in rule 4.4.11 refers only to ranking of interview, orientation, or investigative procedures, is illogical since the need to rank such procedures is hardly necessary. Furthermore, petitioners' proposal to utilize a portion of the physical part of the exam as a tie-breaker is inequitable since a candidate's score on the exam reflects performance on the entire examination and use of any one factor as a tie-breaker would unfairly advantage those candidates who performed more capably in that particular area.

Finally, successful completion of this civil service examination did not create a property interest in appointment to the position for which the petitioners applied *(Matter of Deas v Levitt,* 73 NY2d 525, 532, *cert denied* 493 US 933) or any other protectible interest. *(Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526, 529.)

Accordingly, petitioners have failed to meet their burden to establish that the regulation " 'is so lacking in reason for its promulgation that it is essentially arbitrary.' " *(Ostrer v Schenck,* 41 NY2d 782, 786.) Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.