■ In the Matter of TERRY HASENSTAB, Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents.—Order, Supreme Court, New York County (Joseph A. Mazur, J.), entered on September 7, 1990, which: (1) dismissed the petition, instituted pursuant to CPLR article 78, for a judgment, directing the respondents to retroactively appoint him to the rank of sergeant in the New York City Police Department, and to recompute petitioner's retirement allowance to reflect the salary of a sergeant rather than of a patrolman; and (2) dismissed petitioner's motion for contempt, is affirmed, without costs.

On October 2, 1964, Mr. Terry Hasenstab (Officer Hasenstab) was appointed to the uniformed force of the New York City Police Department (Department), with the rank of patrolman. Thereafter, on November 24, 1978, Officer Hasenstab

took Civil Service Examination #8539 (examination) for promotion to sergeant, and, on July 9, 1980, he was notified that he had failed.

In August 1982, Officer Hasenstab filed an application for accident disability retirement with the Police Pension Fund, Article II (Pension Fund), and, in June 1983, the Medical Board of the Pension Fund (Medical Board) recommended approval of that application.

Pursuant to a successful CPLR article 78 challenge, instituted by a group of police officers, not including Officer Hasenstab, and a judgment, entered on July 6, 1983, the written portion of the said examination was rescored for all candidates, who originally had taken that examination (see, Matter of Esposito v Nadel, Sup Ct, NY County, Index No. 21835/80 [Diamond, R.]). Subsequently, on July 20, 1983, that examination was rerated, and as a result, a new list of those who passed, which included Officer Hasenstab's name, was drafted.

Thereafter, on August 22, 1983, candidates, who had passed the examination, as a result of the rerating, and who were otherwise eligible for promotion, were directed to report to the Police Academy for a Basic Management Orientation Course. Most of them were promoted to sergeant on September 12, 1983.

While those candidates for promotion to sergeant were attending the course at the Police Academy, the Board of Trustees of the Pension Fund, on August 23, 1983, approved Officer Hasenstab's application for accident disability retirement. Since Officer Hasenstab waived 105 days of terminal leave, in exchange for a cash payment, his retirement from the Department became effective on August 31, 1983.

Following Officer Hasenstab's retirement, the Department published, on or about September 9, 1983, the revised eligibility list, containing the names, including Officer Hasenstab, of those persons, who had passed the rerated examination, and, on September 15, 1983, Officer Hasenstab was notified in writing that he had passed.

Prior to the expiration of the revised eligibility list, retired Officer Hasenstab (petitioner) instituted, pursuant to CPLR article 78, a proceeding against the Police Commissioner of the City of New York, the Chairman of the Board of Trustees of the Pension Fund, the Board of Trustees of the Pension Fund, the Department, and the City of New York (respondents) for a judgment, directing the respondents to retroactively appoint him to the rank of sergeant in the Department,

and to recompute his retirement allowance to reflect the salary of a sergeant rather than that of a patrolman. The petition alleges, in substance, that "[t]he action of the respondents in failing to notify petitioner that he passed [the] Exam * * * prior to his retirement from the [Department] was arbitrary, capricious and unlawful".

By judgment, entered on or about October 3, 1984, a Motion Court dismissed the petition, finding that respondents' failure to promote petitioner to the rank of sergeant was not arbitrary and capricious, and did not constitute an abuse of discretion. Subsequently, by order and judgment (one paper), entered on or about January 11, 1988, that Motion Court granted petitioner's second motion to renew, to the extent of: (1) remanding the matter to respondents to consider petitioner's argument that other police officers had been promoted, while on sick report and suffering from disabling injuries, and (2) directing the respondents to provide the petitioner with "the medical, promotion and retirement records of Detective Investigators Pascarella, Pastorella and Senft so that these records may be taken into consideration by the Police Department in their reconsideration of petitioner's claim". Thereafter, by order, dated February 9, 1989, that Motion Court denied respondents' motion for leave to appeal the order and judgment entered on or about January 11, 1988.

In October 1989, petitioner served respondents with a notice demanding their compliance with the order and judgment, entered January 11, 1988, concerning reconsideration and discovery. By letter, dated November 29, 1989, the Department responded, and stated, *inter alia,* since the eligibility list, from which petitioner sought promotion to sergeant, had expired on September 19, 1984, the Department was denying that promotion on the basis of the decision of *Matter of Deas v Levitt* (73 NY2d 525 [1989], *cert denied* 493 US 933 [1989]). After receiving that letter, petitioner moved, in February 1990, to hold respondents in contempt, and for $500,000.00 damages for their alleged failure to take the actions directed by the Motion Court order and judgment, entered January 11, 1988.

Subsequently, by order, entered September 7, 1990, that Motion Court, citing *Matter of Deas v Levitt (supra),* dismissed the petition and the petitioner's motion for contempt. Petitioner appeals.

The Court of Appeals, in *Matter of Deas v Levitt (supra,* at 527), held that, "[b]efore being entitled to placement on a special eligible list for a civil service position, an applicant

must bring a proceeding, before the list expires, successfully challenging the validity of the list itself * * *[,] as being contrary to the merit and fitness requirements of the State Constitution (art V, § 6)". Applying the legal authority, *supra,* we agree with the Motion Court that it is controlling, and requires the dismissal of the petition, since it is undisputed that, before the list expired, the instant petitioner, as mentioned *supra,* did not challenge the list's validity, and therefore "he has no right to the relief requested" *(Matter of Deas v Levitt, supra,* at 527-528).

Since we have stated that the "successful completion of a civil service examination does not entitle [a person] to a mandatory right of appointment or any other legally protectable interest. *(Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526)", we find unconvincing petitioner's contention that the respondent acted arbitrarily, capriciously and in bad faith, by failing to notify him that he had passed the rerated examination prior to his accident disability retirement *(Boasi v New York City Civ. Serv. Commn.,* 158 AD2d 318, 319 [1st Dept 1990]). In other words, the only right that a person, such as petitioner, who passes an examination, can assert is "the right to consideration for and a 'hope' of appointment" *(Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526, 529 [1975], *supra).* Further, the fact that a statute, such as New York City Charter § 812 (d), grants an applicant the right to appeal an adverse decision does not "create any property right" *(Matter of Deas v Levitt, supra,* at 532).

After our examination of Civil Service Law § 50 (4) (b) and § 52 (2), as well as Rules of the City of New York Personnel Director §§ 4.3.2 (d), 4.6.2 and 5.3.8, we find that those provisions enable the respondents to rationally deny civil service appointment or promotion to an applicant, who is medically unfit.

Significantly, more than a month before the examination was rerated, resulting in petitioner passing, the Medical Board, on June 7, 1983, recommended approval of petitioner's application for accident disability retirement. Accordingly, they deemed him medically unfit to continue to serve as a police officer. Based upon that action of the Medical Board, we find that the respondents did not act arbitrarily and capriciously, when they did not order the petitioner, who was about to be medically retired, to the Police Academy to attend the Basic Management Orientation Course.

We note that the official list of the names of those who

passed the rerated examination, and the revised eligible list were not promulgated until September 9, 1983, which was nine days after petitioner's medical retirement became effective on August 31, 1983.

The dissent concedes that *Matter of Deas v Levitt (supra)* prohibits the petitioner's retroactive promotion to sergeant, even if the respondents acted arbitrarily and capriciously, since he did not successfully challenge the validity of the list before it expired. Nevertheless, the dissent contends, in substance, that the matter should be remanded for a hearing, since the petitioner may be entitled to damages, if the respondents have acted arbitrarily, capriciously and in bad faith, by not informing him, before his retirement, pursuant to Civil Service Law § 50 (4), that he had not been selected to attend the Basic Management Orientation Course. Based upon our analysis *infra*, we find that contention cannot be sustained.

Civil Service Law § 50 (4), entitled: "Disqualification of applicants or eligibles", states, in pertinent part, "No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification." After examining that provision, we find that it does not apply herein, since the first complete notice of the names of those who passed the rerated examination did not occur until the official list and revised eligible list were promulgated on September 9, 1983, which date was subsequent to the effective date of petitioner's medical retirement from the Department. The dissent offers no legal authority, and we know of none, that requires the respondents to notify applicants of disqualification, prior to the promulgation of an official list of the names of those who passed an examination and the promulgation of a new eligible list.

Further, in their answer to the petition, the respondents explain that the reason that persons, who passed the rerated examination, and who were otherwise eligible for promotion, were selected to attend the Basic Management Orientation Course in August 1983, was "so that the promotion process could begin as soon as possible". While we find respondents' explanation reasonable for the selection of persons to attend that course, we do not find that selection to be the legal equivalent of the promulgation of an official list of those who passed the rerated examination and the revised eligible list. Neither the petitioner nor the dissent offers evidence that any person, who passed the rerated examination was selected to

attend that course, once the Medical Board approved of their application for accident disability retirement. Incidentally, no one was promoted to sergeant from the revised eligible list until September 12, 1983, which was after petitioner's medical retirement.

Although the dissent makes reference to officers who have been promoted, while "suffering from disabling injuries", the record indicates these officers were on "sick leave". There is nothing to indicate any person has ever been promoted by the Department, after the Medical Board has recommended approval of the application of such person for accident disability retirement.

In summary, based upon our entire analysis *supra,* we find that the respondents did not act arbitrarily, capriciously, or in bad faith.

We have considered the other contentions of the petitioner, and find them to be without merit.

Accordingly, we affirm. Concur—Wallach, Kupferman and Ross, JJ.

Sullivan, J. P., and Asch, J., dissent in a memorandum by Sullivan, J. P., as follows: Petitioner, a retired member of the New York City Police Department, appeals from the dismissal of his CPLR article 78 petition challenging the Department's denial of his application for a retroactive appointment to the rank of sergeant.

Petitioner became a member of the New York City Police Department on October 2, 1964. On November 24, 1978, he took examination #8539 for promotion to the rank of sergeant and was notified, on July 9, 1980, that he had failed.

Petitioner suffered line-of-duty injuries on July 16, 1981 and May 5, 1982, remaining on sick leave as a result of the latter from May 5, 1982 until his retirement from the Police Department in August 1983. In the interim, on August 25, 1982, petitioner filed an application with the Police Pension Fund for accident disability retirement, which was approved by the Medical Board on June 7, 1983 and, ultimately, the Board of Trustees on August 23, 1983. Since petitioner waived 105 days of terminal leave in exchange for a cash payment, his retirement became effective on August 31, 1983.

Meanwhile, on July 6, 1983, one month after the Medical Board found that petitioner had sustained a "permanent and partial disability" and recommended approval of his application for accident disability retirement, the Department, pursuant to court order *(see, Matter of Esposito v Nadel,* Sup Ct, NY

County, Index No. 21835/80 [Diamond, R.]), was ordered to rescore examination #8539 to credit alternative responses to four questions. The examination was re-rated and a new list of those who passed, with 200 additional names, including petitioner's, promulgated. Those officers who passed the examination and were otherwise qualified for promotion were notified to begin a basic management orientation course on August 22, 1983, one day before the Board of Trustees' approval of petitioner's retirement application, and were promoted to sergeant on September 12, 1983. Petitioner was not among those so notified. The Department published the revised eligibility list on or about September 9, 1983 and notified petitioner on September 15, 1983 that he passed.

In January 1984, prior to the expiration of the revised eligibility list, petitioner commenced this proceeding to compel the Department to appoint him to the rank of sergeant, effective August 30, 1983 and, accordingly, to recompute his retirement allowance, on the ground that the Department's failure to notify him, prior to his retirement, that he had passed the rescored examination was arbitrary and capricious. The Department, citing Civil Service Law § 61's "one of three persons" discretionary selection provision, argued that even if petitioner had been informed that he passed the rescored examination prior to his medical retirement he had no vested right to a promotion. Moreover, it noted, Civil Service Law §§ 50 and 52 provide, *inter alia,* that an eligible candidate, if found physically or mentally unfit for duty, may be denied certification for promotion and that, pursuant to Rules of the City of New York Personnel Director §§ 4.3.2 (d) and 5.3.8, a determination that a person is unfit for duty "shall" constitute grounds for disqualification for promotion.

The IAS court dismissed the petition, accepting the Department's argument with respect to Civil Service Law § 61 and finding essentially that the failure to notify petitioner that he had passed the rescored examination prior to his retirement constituted a refusal to promote him due to physical disability. On petitioner's second application to renew, the court granted the application and remanded the matter to the Department to consider petitioner's argument, as documented by his papers, that other police officers had been promoted from civil service eligibility lists despite being on sick report and suffering from disabling injuries which precluded performance of full police duties. The court also directed the Department to provide petitioner with the medical promotion and retirement records of other named officers so that those rec-

ords could be part of any reconsideration of the case. On remand, the Department advised petitioner that since the list from which he sought promotion had previously expired on September 19, 1984 he could not, pursuant to *Matter of Deas v Levitt* (73 NY2d 525, *cert denied* 493 US 933), decided on May 4, 1989, be considered for promotion. Thus, his application for reconsideration was denied.

When petitioner moved to hold the Department in contempt and for $500,000 in damages for failing to provide him with the various personnel medical and retirement records, as ordered, the IAS court, citing *Deas (supra)*, dismissed the petition since petitioner was not challenging the validity of the eligibility list, which had expired, but, instead, was alleging only that he had been "wrongly ruled ineligible". This appeal followed. Since I believe that petitioner has been denied procedural due process for failure to afford him timely notice of his disqualification, I would reverse and grant the petition to the extent of remanding the matter to the IAS court for a hearing to determine whether the Department acted arbitrarily in failing to give petitioner notice of his disqualification for promotion to sergeant and whether the Department's decision to deny petitioner such promotion was arbitrary and discriminatory.

In defending its determination, the Department argued that it was within its discretion to refuse to promote a police officer who is physically unable fully to perform police duties, a position with which no one would disagree. On appeal, the Department argues that it "was prohibited from promoting petitioner to sergeant because he was physically and permanently disabled as the result of two previous line-of-duty injuries, and was pending medical retirement". If, indeed, this was the case, the Department failed to follow statutory procedures by neglecting to give petitioner written notice of his disqualification on these grounds. Civil Service Law § 50 (4) provides that "[n]o person shall be disqualified [as an eligible] pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification."

As is obvious from this record, although the decision as to who to promote was apparently made after petitioner's application for disability retirement was approved by the Medical Board, it was made before his application had been approved by the Board of Trustees and well before petitioner's August 31, 1983 retirement became effective, since those who were

being promoted from the rescored examination reported for an indoctrination course on August 22, 1983. The September 9, 1983 publication of the revised eligibility list and September 15, 1983 notice to petitioner that he had passed the rescored examination, both of which occurred after his retirement, could not constitute compliance with the Department's obligations under Civil Service Law § 50 (4) since he was never told that he was disqualified from promotion or given the reasons therefor. Thus, petitioner was deprived of the opportunity to make effective use of his statutory right to an administrative appeal within the adjudicatory procedure established by section 812 (c) of the New York City Charter.

The Medical Board's approval of petitioner's application prior to the determination as to which officers to promote from the rescored examination does not vitiate the Department's notice obligations under Civil Service Law § 50 (4). Civil Service Law § 50 (10) provides that "a medical officer employed or selected by the [Department]" shall make the determination of disability, which, as noted, requires notice to the eligible before it can serve as the basis for disqualification. There is nothing to suggest that the Medical Board's determination carries more weight than that of such an officer so as to eliminate the requirement of giving the eligible notice and an opportunity to oppose disqualification on disability grounds.

Although the revised eligible list was not promulgated and petitioner was not notified that he passed the rescored examination until after the effective date of petitioner's retirement, petitioner's disqualification took place, in effect, well before these dates, when he was omitted from the group which was notified to report for the indoctrination course on August 22, 1983. That action on the part of the Department constituted a *de facto* promulgation of the revised eligible list and, as such, violated the notice requirement of Civil Service Law § 50 (4). In concluding that there is no legal authority which requires notification to an applicant that he or she had been disqualified prior to the promulgation of a new eligible list and a list of those who passed the rescored examination, the majority essentially takes the position that the Department need not notify an applicant of disqualification until after disqualification has taken place. Civil Service Law § 50 (4) clearly provides otherwise.

While the Commissioner's discretion to determine the fitness of candidates for appointment to the various ranks within the Department is understandably broad, it is not

unlimited, and the reasons for a candidate's disqualification must be sufficiently stated (Civil Service Law § 50 [4]) so that there can be appropriate review. By failing to give petitioner timely notice that he passed or any notice that he was being disqualified from promotion for disability reasons, the Department precluded such review. The Department urges that it was prohibited from promoting petitioner since he had sustained two disabling line-of-duty injuries and, based on those injuries, had a pending retirement application, which, it should be noted, the Police Surgeon directed him to file. This cannot, without more, be relied upon in view of the Department's promotion to a position subject to a competitive examination of at least one other person who, at the time of his promotion, was physically disabled. Thus, the Department's failure under Civil Service Law § 50 (4) to give petitioner prompt notification of his disqualification and the reasons therefor deprived him of the opportunity to defer action on his retirement application and challenge his disqualification on medical grounds if that, indeed, was the reason he was being denied promotion.

Petitioner, of course, whatever the outcome of this proceeding, can no longer be promoted to the rank of sergeant, even though he commenced this action before the eligibility list expired since he never challenged the validity of the list itself, only his absence from it after having passed the civil service examination. *(See, Matter of Deas v Levitt, supra,* 73 NY2d 525.) He is not, however, seeking promotion to the position of sergeant; his argument has always been that his retirement pension should be recalculated as though he had been promoted to sergeant prior to his retirement. In that regard, even though, in accordance with *Deas,* petitioner cannot be promoted retroactively to sergeant even on a finding that the Department's treatment of him was arbitrary and capricious, he would nonetheless, in such circumstances be entitled to a damage award commensurate with his lost benefits.

Finally, it should be noted, petitioner, in support of his claim that the determination to deny him promotion was arbitrary and capricious, points out that the Department did not, in this instance, exercise its "one out of three" discretion in accordance with Civil Service Law § 61 and that every candidate who passed examination #8539 was promoted. The Department does not claim otherwise. In addition, petitioner argues that other officers, also suffering from disabling injuries, albeit not with pending disability applications which had been recommended for approval, were promoted from civil

service eligibility lists, although not necessarily from this list. These issues, and others bearing on the rationality of the Department's determination, ought to be explored at an evidentiary hearing on remand.