■ PAT CAPONIGRO, Appellant, v DOUGLAS WHITE, as New York City Personnel Director, Respondent. [636 NYS2d 307] —Order, Supreme Court, New York County (Walter Tolub, J.), entered April 12, 1994, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's declaratory judgment action contesting defendant's General Examination Regulation E.16.1 (59 RCNY 1-01 [p] [1]), which bars a person who cheats on a civil service examination from receiving appointments or taking future exams, should have been brought as a CPLR article 78 proceeding, since the rule in question is an administrative regulation, not a statute, and notwithstanding that plaintiff states his challenge in terms of constitutional objections (*see, Solnick v Whalen*, 49 NY2d 224, 231; *see also, New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 205). Accordingly, the claim is governed by the four-month Statute of Limitations applicable to article 78 proceedings (*Solnick v Whalen, supra*, at 229-230), and is barred since it was not interposed until eleven months after the contested decision was rendered.

Plaintiff's claims brought pursuant to 42 USC § 1983, while timely because subject to the three-year Statute of Limitations set forth in CPLR 214 (5) (*Corbett v Reynolds*, 151 AD2d 227), fail to state a cause of action. There being no property right or any other legally protectible interest in appointment to a position after successfully taking a civil service examination (*Matter of Deas v Levitt*, 73 NY2d 525, 532, *cert denied* 493 US 933), there can be no cognizable constitutional right to sit for examinations. Concur—Murphy, P. J., Wallach, Kupferman, Ross and Williams, JJ.