■ In the Matter of DAVID C. EWELL, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Appellants. [640 NYS2d 638] —Crew III, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered December 19, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to have his name restored to an eligibility list for appointment as a correction officer trainee.

In September 1990, petitioner passed the civil service examination for the position of correction officer trainee and was placed upon civil service eligibility list No. 21-619, subject to the successful completion of a three-part screening process. Although petitioner passed the medical/physical evaluation in September 1993, he was notified in October 1993 that he had not met the psychological screening requirements and, hence, was disqualified from candidacy. Petitioner thereafter successfully appealed his disqualification to an administrative review board and was notified in April 1994 that his name would be added to the list of candidates who were psychologically qualified.

In the interim, on or about December 11, 1993, another civil service examination for the position of correction officer trainee was administered and, as a result, a new list of eligible candidates was promulgated on or about January 26, 1994.

---

Pursuant to Civil Service Law § 56 (1), "[a]n eligible list that has been in existence for one year or more [terminates] upon the establishment of an appropriate new list, unless otherwise prescribed by the state civil service department or municipal commission having jurisdiction". The Department of Correctional Services made such a determination here and extended list No. 21-619 until September 10, 1994, but only with respect to those candidates who were fully qualified as of February 15, 1994. As petitioner's administrative appeal was still pending as of that date and the final portion of the screening test—the background investigation—had not been performed, petitioner's name was not restored to list No. 21-619.

Petitioner thereafter commenced this proceeding contending, *inter alia*, that he was a fully qualified candidate and, as such, was entitled to have his name restored to list No. 21-619. Supreme Court granted petitioner's application, and this appeal by respondents followed.

As a general rule, a civil service applicant cannot be appointed from an expired list, as such appointment would be both a legal impossibility and a violation of the merit and fitness clause of NY Constitution, article V, § 6 (*see, Matter of Deas v Levitt*, 73 NY2d 525, 529-530, *cert denied* 493 US 933). Although an exception to this rule exists in the form of a "special eligible" list (*see,* Civil Service Law § 56 [3]), the Court of Appeals has held that "[b]efore being entitled to placement on a special eligible list for a civil service position, [the] applicant must bring a proceeding, before the list expires, successfully challenging the validity of the list itself" (*Matter of Deas v Levitt, supra,* at 527). This petitioner failed to do and, therefore, petitioner simply is not entitled to the relief requested. Petitioner's remaining arguments, including his assertion that he was fully qualified as of the relevant date, have been examined and found to be lacking in merit. Accordingly, Supreme Court's judgment must be reversed and the petition dismissed.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.