Vincent **MELE**, Richard Guerin, Ronald Romano, John Huntemann, Marlene Bascwitz, Edward Vitullo, and Stephen Barro, Plaintiffs,

v.

Donald **CHRISTOPHER**, individually and as Police Commissioner of the City of Yonkers, John Spencer, individually and as Mayor of the City of Yonkers, Thomas Dugan, Mary Dorman and Patricia Ortiz, individually and as members of the Yonkers Civil Service Commission, Defendants.

No. 97 CIV. 9535(BDP).

United States District Court, S.D. New York.

July 7, 1998.

Richard W. Fulfree, Yonkers, NY, for Plaintiffs.

Kevin D. Crozier, City of Yonkers Corporation Counsel, Yonkers, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiffs, unsuccessful candidates for positions with the Yonkers Police Department, bring this action asserting that defendants' method of ranking and appointing police officers after a civil service examination violated plaintiffs' rights under 42 U.S.C. §§ 1983 and 1985, the First, Fifth, and Fourteenth Amendments to the United States Constitution, and Article 5 § 6, and Article 1 §§ 6 and 11 of the New York State Constitution.

Defendant Donald Christopher is the Police Commissioner of the City of Yonkers; defendant John Spencer is the Mayor of the City of Yonkers; and defendants Thomas Dugan, Mary Dorman, and Patricia Ortiz are members of the Yonkers Civil Service Commission. Defendants move for dismissal under Fed.R.Civ.P. 12(b)(6), and plaintiffs cross-move for summary judgment. At a preliminary conference, this Court stated that it would treat defendants' motion to dismiss as one for summary judgment. For the reasons set forth below, defendants' motion is granted. Plaintiffs' cross-motion is denied.

## BACKGROUND

On a motion for summary judgment, "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir.1988). The following facts are construed accordingly.

On December 5, 1992, plaintiffs applied to take Examination # 69–984 for the position of Yonkers Police Officer. Defendants created a classification system of five zones for candidates who had taken that examination: Zone 1 was for those with scores between 95 and 100; Zone 2 was for those with scores between 90 and 95; Zone 3 was for those with scores between 85 and 90; Zone 4 was for those with scores between 80 and 85; and Zone 5 was for those with scores between 75 and 80. Defendants then assigned a score of 95 to those in Zone 1, 90 to those in Zone 2, 85 to those in Zone 3, 80 to those in Zone 4, and 75 to those in Zone 5. Plaintiff Huntemann was placed in Zone 3; all other plaintiffs were placed in Zone 4. Oral interviews were conducted with candidates in Zones 1, 2, and 3, but not with candidates in Zones 4 or 5. In the meantime, plaintiffs contend that many

appointments were made of persons who were related to police officers and retired police officers, as well as for other reasons unrelated to merit and examination grades. In addition, defendants made a large number of appointments by holding a lottery that included all of the candidates in Zone 4, one candidate in Zone 3, and one candidate in Zone 1. On August 21, 1997, seventy-two candidates remained in Zone 4, and while September 13, 1997 was the expiration date of the eligible list from the examination, the expiration date passed without defendants appointing plaintiffs. On September 29, 1997, the defendants announced that another civil service examination would be held on December 6, 1997. The Mayor did not make any appointments from the eligible list.

Plaintiffs object to the assignment of scores and the division of candidates into zones, contending that such acts allowed absolute discretion to the defendants to appoint police officers, without regard to either the results of the competitive examinations or merit. Plaintiffs assert that the ratings system and procedures violated New York State Civil Service Law and the New York State Constitution, as well as the plaintiffs' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1983 and 1985. Since the bases for plaintiffs' Fifth and Fourteenth Amendment claims are not clear from plaintiffs' complaint, this Court will construe plaintiffs' complaint as asserting both due process and equal protection claims.

## DISCUSSION

*Summary Judgment Standard*

A motion for summary judgment should only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hayes v. New York City Dep't. of Corrections,* 84 F.3d 614, 619 (2d Cir.1996); *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). The court is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in

other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos,* 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Hayes,* 84 F.3d 614 at 619.

To successfully oppose a motion for summary judgment, the responding party "must set forth facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A summary judgment motion cannot be defeated through mere speculation or conjecture. *Pollis v. New School for Social Research,* 829 F.Supp. 584, 586 (S.D.N.Y.1993) (citing *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (other citations omitted)).

*Section 1985 Claims*

Plaintiffs' complaint asserts claims pursuant to 42 U.S.C. § 1985. That provision provides that it shall be unlawful for "two or more persons [to conspire] for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." In order to state a claim under § 1985(3), a plaintiff must establish "(1) a conspiracy, (2) motivated by racial or other invidiously discriminatory animus, (3) for the purpose of depriving any person or a class of persons of equal protection of privileges and immunities under the law, (4) that the conspirators committed some act in furtherance of the conspiracy, and (5) that the plaintiffs were injured." *Wintz v. Port Auth. of New York and New Jersey,* 551 F.Supp. 1323, 1325 (S.D.N.Y. 1982); *see also United Bhd. of Carpenters Local 610 v. Scott,* 463 U.S. 825, 835–37, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (class-based animus required for § 1985(3) claim).

In this case, plaintiffs have not offered any evidence nor asserted any facts that could support an inference that racial or any other class based animus motivated defendants' conduct. Rather, plaintiffs' primary contention is that they were not appointed as police officers. A group of applicants passed over

for positions does not constitute a § 1985(3) class. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 269, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993) ("[§ 1985(3)] class cannot be defined simply as the group of victims of the tortious action") (quoting *United Bhd. of Carpenters,* 463 U.S. at 850, 103 S.Ct. 3352) (Blackmun, J. dissenting); *United Bhd. of Carpenters,* 463 U.S. at 837–38, 103 S.Ct. 3352 (common economic views, status, or activities not a basis for class under § 1985(3)); *Graham v. Henderson,* 89 F.3d 75, 82 (2d Cir.1996) (opposition to workplace policies not a basis for § 1985(3) class). In light of these principles, plaintiffs' § 1985 conspiracy claim fails.

*Plaintiffs' Constitutional Claims*

Plaintiffs assert that defendants' process of rating and appointing candidates to positions in the Yonkers Police Department violated their First, Fifth, and Fourteenth Amendments rights. This Court notes that plaintiffs have asserted no speech or other protected activity under the First Amendment that would support a finding of a violation of their First Amendment rights. Plaintiffs' First Amendment claims are therefore dismissed.

█ Although the bases upon which plaintiffs assert their Fifth and Fourteenth Amendment claims are not clear, this Court will construe the complaint as asserting violations of their due process and equal protection rights. In order to establish a valid claim for deprivation of due process, a plaintiff must show that he or she had a property interest in the position for which he or she applied and was deprived of that interest. *Dwyer v. Regan,* 777 F.2d 825, 829 (2d Cir.1985). In order "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In this case, plaintiffs cannot claim property interests in appointment to the position of police officer. As our circuit has noted, "[A] person on an eligibility list does not possess 'any mandated right to appointment or any other legally protectible interest.'" *Kirkland v. New York State Dep't of Correctional Servs.,* 711

F.2d 1117, 1134 (2d Cir.1983) (quoting *Cassidy v. Municipal Civil Serv. Comm'n,* 37 N.Y.2d 526, 529, 375 N.Y.S.2d 300, 337 N.E.2d 752 (1975)); *see also Deas v. Levitt,* 73 N.Y.2d 525, 531, 541 N.Y.S.2d 958, 539 N.E.2d 1086 (1989) (successful completion of civil service examination does not confer property interest in employment). To the extent that plaintiffs assert a violation of due process, their claims are dismissed.

█ Further, to the extent that plaintiffs assert an equal protection claim, that claim similarly must be dismissed. Because a class of persons who were not appointed to the Yonkers Police Department involves neither a suspect class nor a fundamental right, defendants' decision should be judged under the rational basis standard. *See, e.g., Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 201 (2d Cir.1996). A classification involving neither fundamental rights nor proceeding along suspect lines is "accorded a strong presumption of validity." *Heller v. Doe,* 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Under the rational basis standard, "a classification 'must be upheld against equal protection challenges if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.,* 509 U.S. at 320, 113 S.Ct. 2637 (quoting *F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)).

In this case, a rational basis exists for both the defendants' rank ordering system and selection process. In fact, our Court of Appeals has upheld ranking and selection systems very much like the one in question here, recognizing that "small differences between the scores of candidates indicate very little about the candidates' relative merit and fitness." *Kirkland v. New York State Dep't of Correctional Services,* 711 F.2d 1117, 1133 (2d Cir.1983). Accordingly, to the extent that plaintiffs' constitutional claims are based on equal protection grounds, they are dismissed.

*Plaintiffs' § 1983 Claims*

█ Plaintiffs assert that a claim under § 1983 requires a showing only of the deprivation of "rights, privileges or immunities."

Plaintiffs, however, overlook the fact that 42 U.S.C. § 1983 is a purely remedial statute that creates no independent, substantive rights. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979) ("it remains true that one cannot go into court and claim a 'violation of 1983'—for § 1983 by itself does not protect anyone against anything"). As plaintiffs' underlying constitutional claims have been dismissed, their § 1983 claims are dismissed as well.

## CONCLUSION

For the foregoing reasons, plaintiffs' federal claims are dismissed. Defendants' motion for fees and costs is denied. In view of the dismissal of plaintiffs' federal claims, this Court declines to entertain their state claims, which are dismissed without prejudice. *See, e.g., Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir.1996); *Lennon v. Miller*, 66 F.3d 416, 426 (2d Cir.1995). The Clerk of the Court is directed to enter judgment for defendants.

**SO ORDERED**