Matter of Altman v Suffolk County Dept. of Civ. Serv. (2018 NY Slip Op 06898)





Matter of Altman v Suffolk County Dept. of Civ. Serv.


2018 NY Slip Op 06898


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-13005
 (Index No. 607035/15)

[*1]In the Matter of Zachary Altman, respondent,
v
Suffolk County Department of Civil Service, appellant.


Dennis M. Brown, County Attorney, Hauppauge, NY (John R. Petrowski of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Civil Service, the appeal is from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated September 23, 2016. The order denied the motion of the Suffolk County Department of Civil Service pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs, and the motion of the Suffolk County Department of Civil Service pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition is granted.
The petitioner took a written examination for the civil service position of Security Guard for the County of Suffolk, and was placed on a list of eligible candidates for the position by the Suffolk County Department of Civil Service (hereinafter the DCS). Thereafter, he underwent, inter alia, a psychological/personality evaluation. Based on the results of that evaluation, he was not recommended for the position, and the DCS notified him that he had been found not qualified. The petitioner administratively appealed, and the Appeal Committee of the DCS affirmed the determination. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the determination, seeking, inter alia, reinstatement to the eligible list. In response, the DCS moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. The Supreme Court denied the motion, and the DCS appeals.
Initially, we note that the relief of reinstatement to the subject eligible list is no longer available to the petitioner. It is undisputed that the list has expired by operation of law (see Civil Service Law § 56[1]), and "appointment of an individual from a constitutionally valid expired list violates article V, § 6 of the NY Constitution" (Matter of City of New York v New York State Div. of Human Rights, 93 NY2d 768, 774 [internal quotation marks omitted]; see Matter of Deas v Levitt, 73 NY2d 525, 531; Matter of Crociata v Cassano, 140 AD3d 751, 752; Matter of Rockland County Patrolmen's Benevolent Assn. v Prendergast, 25 AD3d 615, 617; Matter of Ewell v Coughlin, 226 AD2d 842, 843).
Moreover, upon the comprehensive record of established facts that the parties placed before the Supreme Court on the motion to dismiss (see e.g. Matter of Kickertz v New York Univ., 25 NY3d 942, 944; Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d 46, 59; Matter of Corrigan v New York State Off. of Children & Family Servs., 129 AD3d 1073, 1074; Matter of Baldwin Commons, LLC v Board of Assessors, 128 AD3d 1062, 1062-1063; Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation, 76 AD3d 975, 978), the motion should have been granted.
"[A]n appointing authority has wide discretion in determining the fitness of candidates" (Matter of Caslin v Nassau County Civ. Serv. Commn., 104 AD3d 684, 685). "This Court may not substitute its judgment for that of the agency responsible for making the determination and, as long as the administrative determination is not irrational or arbitrary and capricious, we may not annul it" (Matter of Rogan v Nassau County Civ. Serv. Commn., 91 AD3d 658, 658; see Matter of Havern v Senko, 210 AD2d 480, 481). Here, the record demonstrates that the DCS did not act irrationally in relying upon the opinions of its examining psychologists, based upon objective testing, that the petitioner was not qualified for the position of Security Guard (see Matter of Winnegar v County of Suffolk, 13 AD3d 382, 382-383; Matter of Verme v Suffolk County Dept. of Civ. Serv., 5 AD3d 498, 499; Matter of Needleman v County of Rockland, 270 AD2d 423, 424; Matter of Conlon v Commissioner of Civ. Serv. of County of Suffolk, 225 AD2d 766, 767). The petitioner's conclusory and unsubstantiated allegations of discrimination and bias do not warrant a contrary result (see generally Matter of Knight v County of Nassau, 27 AD3d 470, 471).
Accordingly, inasmuch as the determination of the DCS had a rational basis and was not arbitrary and capricious, the motion to dismiss the petition should have been granted.
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court