Matter of City of Troy (Troy Police Benevolent & Protective Assn., Inc.) (2021 NY Slip Op 01172)





Matter of City of Troy (Troy Police Benevolent & Protective Assn., Inc.)


2021 NY Slip Op 01172


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

530110

[*1]In the Matter of the Arbitration between City of Troy, Appellant, and Troy Police Benevolent and Protective Association, Inc., Respondent.

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Goldberg Segalla LLP, Albany (Jonathan M. Bernstein of counsel), for appellant.
Gleason, Dunn, Walsh & O'Shea, Albany (Mark T. Walsh of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Zwack, J.), entered September 11, 2019 in Rensselaer County, which, among other things, denied petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.
Petitioner, a municipal corporation, and respondent, the employee organization representing certain employees of petitioner's police department, executed a collective bargaining agreement (hereinafter CBA) with terms that remained in effect at the relevant time (see Civil Service Law § 209-a [1] [e]). The CBA required petitioner to fill "vacant promotional positions . . . from [c]ivil [s]ervice lists within thirty (30) days." In October 2018, one sergeant was promoted to captain and another sergeant retired, leaving two vacant sergeant positions. After the second position had been vacant for more than 30 days, respondent and some of its members filed a grievance alleging that petitioner violated the CBA by failing to timely promote any eligible candidates to the sergeant positions. Petitioner denied the grievance on multiple grounds. Respondent then sent petitioner a demand for arbitration pursuant to the CBA. Petitioner commenced this proceeding pursuant to CPLR 7503 to permanently stay arbitration between the parties. Respondent cross-moved to compel arbitration. Supreme Court denied petitioner's application for a stay and granted respondent's cross motion to compel arbitration. Petitioner appeals.
The parties are involved in a companion appeal concerning arbitrability of a grievance over petitioner's failure to fill a vacancy in a captain position within 30 days under the same CBA (Matter of City of Troy [Troy Police Benevolent & Protective Assn., Inc.], ___ AD3d ___ [No. 529660, decided herewith]). Although the issues in the two appeals are not entirely identical, we affirm here for the reasons stated in our decision in that companion appeal (id.). Further, although no individual had a vested right to be appointed to a vacant sergeant position — not even those whose scores placed them in the top three examinees (see Matter of Deas v Levitt, 73 NY2d 525, 532 [1989]; Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle, 37 NY2d 526, 529 [1975]; see also Civil Service Law § 61 [1]) — once individuals were appointed, they may have become entitled to damages or other relief based on petitioner's alleged contractual breach, i.e., failure to make such appointments within the time frame required by the CBA. That issue may be addressed in arbitration.
Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.