■ In the Matter of LLOYD D. MOSKOWITZ, Appellant, v DOUGLAS WHITE, as Personnel Director of the City of New York, et al., Respondents.—Order and judgment, Supreme Court, New York County (Eugene L. Nardelli, J.) entered on or about January 14, 1991 which denied petitioner's application for a judgment pursuant to CPLR article 78 directing the respondent to consider him for appointment to the position of Administrative Fire Alarm Dispatcher and dismissed the petition, unanimously affirmed, without costs.

Petitioner was first appointed to the New York City Fire Department in 1969. On January 31, 1986 petitioner, who then held the position of Supervising Fire Alarm Dispatcher, took promotional Exam No. 3522 for the position of Administrative Fire Alarm Dispatcher—also known as "Chief Dispatcher". On September 24, 1986, petitioner was informed that he passed Exam No. 3522 and was candidate number 9 on the promotional list. On October 29, 1986 the promotional eligible list for Exam No. 3522 was established. On November 15, 1986, the first seven candidates on the list were promoted to the position of Chief Dispatcher. On December 18, 1986, the petitioner, along with several other candidates whose names appeared on the eligible list, filed timely administrative appeals with the Department of Personnel. The petitioner's appeal was based on the contention that he should have received a higher score on the examination. On July 27, 1987 the petitioner was informed that his appeal had been granted and that, pursuant to a final revised eligible list promulgated on that date, his original rank on the eligible list would be upgraded from 9 to 6.6.

Following the granting of the administrative appeals and the promulgation of the final revised eligible list, one additional appointment was made. On August 28, 1990, candidate Joseph Higgins, who had been upgraded to position 6.5 on the list, was appointed to the position of Chief Dispatcher. On or about September 13, 1990 the petitioner commenced this CPLR article 78 proceeding seeking an order directing; (1) that he be considered for the next two vacancies in the position of Chief Dispatcher despite the fact that the eligible list may have expired; (2) staying the administering of any examination or eligible list promulgated for the position, until he has been considered for the next two openings for the position and; (3) awarding back pay, all attendant benefits and counsel fees.

An article 78 proceeding must be commenced within four months after the determination to be reviewed becomes final

and binding (CPLR 217). In this case the operative date was July 27, 1987, the date when the final revised list was promulgated *(Matter of Martin v Ronan,* 44 NY2d 374, 379-381). Although the petitioner commenced this proceeding prior to the October 29, 1990 expiration date of the July 27, 1987 final revised eligible list, this proceeding is nonetheless time-barred as it was not commenced within four months after the final revised list was promulgated (CPLR 217).

Furthermore, even if this article 78 proceeding was timely commenced, no relief could be granted. While the petitioner was successful in his administrative challenge to the scoring of Exam No. 3522, his petition in this proceeding cannot be construed to attack the validity of the final revised list itself. Petitioner in fact conceded in his affidavit submitted to the Supreme Court, that he was not challenging the standing of candidate Higgins, and that the final revised eligible list was correct. "[I]t is not sufficient to attack either the validity of the eligible list *(see, Matter of Cash v Bates,* 301 NY 258, *supra)* or commence a proceeding before the list has expired *(see, Matter of Tanzosh v New York City Civ. Serv. Commn.* [44 NY2d 906]). Relief may not be granted unless the applicant does both." *(Matter of Deas v Levitt,* 73 NY2d 525, 531, *cert denied* 493 US 933.)

This court notes however, that while the nature of petitioner's claim herein is different from that raised in *Matter of Deas v Levitt,* the inequity to this petitioner is the same *(see, supra,* at 535 [Bellacosa, J., concurring], 535-543 [Hancock, Jr., J., dissenting]). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.