OPINION OF THE COURT
Helen E. Freedman, J.
The petitioners in this CPLR article 78 proceeding* seek to enjoin respondents from appointing "provisional” employees to fill certain civil service Caseworker positions with respondents New York City Administration for Children’s Services (ACS), New York City Human Resources Administration Department of Social Services (HRA) and New York City Department of Homeless Services (DHS) and instead to hire from a list of candidates who have been examined for the positions. They also seek the termination of existing provisional appointments to these positions, and replacement with candidates who have been examined. Finally, petitioners seek to annul respondents’ merger of seven sets of candidates for Caseworker positions into one comprehensive candidate list, on the ground that the merger resulted in an unfair ranking of candidates. Respondents cross-move to dismiss, claiming that the petition is barred by the relevant Statute of Limitations. Respondents further contend that the provisional appointments are lawful, because the candidates on the existing lists lack the qualifications needed for the positions that are at issue, and that the lists’ merger was also lawful.
*1037 The pertinent facts are as follows: to fill vacant positions for the civil service competitive job title Caseworker, respondent New York City Department of Personnel (DOP), now part of the New York City Department of City wide Administration Services, issued notices of examination on or about March 16, 1993, April 13, 1993, June 2, 1993, July 7, 1993, September 1, 1993, September 10, 1993, and November 1, 1993. The "examinations” for Caseworker were identical: they consisted solely of the OOP’s evaluations of candidates’ education and experience. There was no written examination. Candidates received a 70% score for meeting the requisite education requirement of a baccalaureate degree from an accredited college. As credit for experience, candidates were given six additional percentage points for each year, up to five years, of full-time work experience as a Caseworker. The examinations resulted in seven sets of candidates who passed and were rated in grade order.
In December 1995, DOP noticed a public hearing for January 9, 1996, in connection with a proposal by ACS to provide for the "selective certification” (pursuant to City Personnel Director Rules [59 RCNY Appendix A] rule 4.7.10) of candidates who had been examined for the Caseworker position to fill certain Caseworker positions with ACS’s Divisions of Child Protection and Family Permanency (such positions, the ACS Caseworkers).
DOP imposed "additional qualifications” for the ACS Caseworkers, which included: (1) proficiency in English and (2) 24 college course work credits in certain social services disciplines or one year of casework experience in child welfare. In its public notice, the DOP also indicated its intent to merge the seven sets of candidates in question into a "merged eligible list”, certify the merged list, and to certify a sublist of ACS Caseworkers. DOP approved the selective certification of ACS Caseworkers on January 9, 1996 and on January 10, 1996, DOP merged the seven lists into one list (the Merged List).
On April 25, 1996, DOP selectively certified a sublist (the Sublist) of 169 persons to fill ACS Caseworker positions from the Merged List, which contained more than 4,000 names. From the Sublist, ACS made 124 permanent appointments as ACS Caseworkers. On or about August 1, 1996 the entire Merged List was certified, and thereafter respondents commenced making appointments from the Merged List to general Caseworker positions.
After exhausting the names on the Sublist, ACS commenced making "provisional” appointments for the ACS Caseworker positions. These provisional appointees are not on the Merged *1038 List, and have never applied for civil service examination for the Caseworker position. As of February 7, 1997, ACS had made 176 provisional appointments as ACS Caseworkers. HRA and DHS also admit that they have appointed (and, in the case of HRA, still employ) general Caseworkers hired as provisional employees.
Petitioners’ first cause of action alleges that the merger of candidates from the seven examinations into the Merged List improperly resulted in lower rankings for candidates who took the earlier examinations because these candidates were not credited for work experience that accrued after their examinations. Persons who took the earlier examinations also lost the benefit of being appointed from the earlier lists that should have been established, petitioners argue.
Petitioners’ second cause of action alleges that, under circumstances presented here, selective certification was improperly used in conjunction with provisional hiring to avoid appointing individuals from the Merged List, who were qualified for the Caseworker position, to serve as ACS Caseworkers and general Caseworkers.
Petitioners’ third cause of action alleges that in violation of the Civil Service Law and related regulations, respondents improperly hired provisional employees as ACS Caseworkers and Caseworkers for HRA and DHS rather than making permanent appointments from the Caseworker eligible lists.
As a threshold matter, the court shall address respondents’ assertion that this proceeding is time barred. Under CPLR 217, a special proceeding must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner. Petitioners admit that the Merged List was established on or about January 10, 1996. Inasmuch as the petition was filed on September 10, 1996, more than four months later, petitioners’ claims with respect to the impropriety of the Merged List and its creation are time barred. (See, Matter of Moskowitz v White, 182 AD2d 381 [1st Dept 1992] [where petitioner sought to contest his ranking on list, four-month period ran from date list was promulgated].)
However, petitioners’ other claims did not arise at the time the Merged List was issued. The gravamen of those claims is that respondents have failed and continue to fail to perform their legal duty to hire the Caseworkers for ACS, HRA and DHS from the eligible lists derived from competitive examinations, by instead making "provisional” appointments from outside the Merged List. Claims with respect to provisional ap *1039 pointments made on or after May 10, 1996, i.e., four months prior to the commencement of this proceeding, accordingly are timely. It is unclear from the papers whether ány of the provisional appointments were made prior to this date; if so, claims with respect to those appointments are time barred.
With respect to the timely claims, petitioners contend that respondents’ hiring procedure for the ACS Caseworkers violates both the Civil Service Law and the New York Constitution, which provides that appointments and promotions in the civil service "shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”. (NY Const, art V, § 6.) Petitioners argue that respondents in effect have created a de facto civil service job title that might be termed Child Protective Caseworker, whose appointees are not subject to examination. Currently, however, there is only one generalized Caseworker civil service title; Caseworkers are employed at several different city agencies, including ACS, ERA and DBS. Petitioners "agree [with respondents] that there should be higher qualified persons [than those eligible as Caseworkers] in all child welfare and other titles.” Petitioners assert, however, that if respondents wish to create a specialized position for Child Protective Caseworkers, they must follow procedures for creating a new civil service job title, rather than use a combination of selective certification and provisional hiring to circumvent the constitutional and statutory prescription that Caseworkers must be hired from eligible lists derived from Caseworker examinations.
In support, petitioners rely on Ensley v New York City Dept. of Personnel (170 AD2d 298 [1st Dept 1991], lv denied 78 NY2d 862 [1991]). In Ensley, the Court affirmed the judgment of the lower court "which granted the petition and directed [DOP] to make appointments to [supervisory positions] from the master list of persons passing the Civil Service examination for the title of Supervisor I (Welfare), rather than from provisional employees who had one year’s casework or supervisory experience”. (170 AD2d 298, supra.) The decision continued: "Approximately 2,000 individuals passed the 1987 Civil Service examination for the title of Supervisor I (Welfare). As the notice of examination had provided, the New York City Director of Personnel selectively certified the eligible list for certain services within that title, including supervisory positions within the Child Welfare Services and Protective Services for Adults Divisions, by imposing an additional requirement of one year’s *1040 caseworker or supervisory experience in those areas. This resulted in a 'master list’ for the title and separate lists for these two 'subtitles’. Petitioners do not challenge this practice, but complain that respondents have hired individuals who have met the one year’s experience qualification, but who did not pass the examination at any time, while more than 400 eligibles on the master list have not received promotions. This practice clearly violates Civil Service Law § 61 (1) and § 65 (1), which provide, respectively, '[appointments and promotions shall be made from the eligible list most nearly appropriate for the position to be filled’ and that provisional appointments are authorized only where 'there is no appropriate eligible list available for filling a vacancy in the competitive class’.” (170 AD2d, supra, at 299 [citations omitted].)
The holding in Ensley (supra) is dispositive of the issues presented here. Although an agency may selectively certify a sublist of the persons named on an eligible list for a civil service title and appoint those sublisted persons first for civil service title, positions requiring special qualifications, when that sublist has been exhausted, the agency must make further appointments from the general eligible list, rather than make provisional appointments from outside the list. ACS’s provisional appointments for the Caseworker title — including ACS Caseworkers — must be replaced with appointments obtained from those named on the Caseworker eligible list.
Respondents argue that, because there was no "appropriate eligible list” that contained candidates with the necessary qualifications, they were free to make the provisional appointments. However, that phrase as used in Civil Service Law § 65 (1) does not allow agencies to create new job titles that are not subject to Civil Service Law eligibility examinations merely by imposing additional qualifications. Section 65 (1) provides that where there is no appropriate eligible list, a provisional appointment may be made and continued "until a selection and appointment can be made after competitive examination” (emphasis added). The agency "shall * * * order a civil service examination for any position held by provisional appointment for a period of one month * * * in order to prevent the provisional appointment from continuing for a period in excess of nine months.” (Civil Service Law § 65 [2].)
In response, respondents contend that Ensley (supra) "was decided on a record far different from that presented to the Court in this proceeding.” Without elaborating on or appending the record in that case, respondents assert that the result *1041 should be different here, where respondents have demonstrated that the subject positions require additional qualifications, that they have canvassed the Merged List for qualified candidates, and that the current crisis in child welfare "demands immediate, tangible changes and improvements in the manner in which the City handles the dual problems of child abuse and neglect and provides related services.” (Respondents’ brief, at 33.) These arguments, however, tend to support petitioners’ position. Such changes should be implemented in a comprehensive manner that comports with requisite procedure, including, if necessary, the creation of new civil service job titles.
The court recognizes that respondents’ actions may have arisen from commendable motives, namely the swift improvement of the caliber of Caseworkers providing services to children at risk of harm and other vulnerable persons. The court is constrained by statutory law and legal precedent, however, to strike down the improper selection methods respondents used and order conformance with the proper procedure. Accordingly, petitioners’ application for a declaration that the merger of the eligibility lists was unlawful is denied, inasmuch as the Statute of Limitations has run as to the cause of action. Claims with respect to provisional appointments before May 10, 1996 are likewise denied as untimely. The application is granted in all other respects, and respondents are directed to cease making provisional appointments for the Caseworker positions, terminate all provisional appointments made on or after May 10, 1996 and replace them with candidates from the Merged List, and to make all further appointments for the Caseworker title from the Merged List until its exhaustion.

 Petitioner Ensley is the president of Social Services Employees’ Union, Local 371, AFSCME, AFL-CIO, the union representing appointees to the civil service title Caseworker at issue here. Petitioners Sadig-Lexton, Connell and Roundtree each took and passed one of the examinations at issue here for the civil service title Caseworker; they have not been appointed.