*550 OPINION OF THE COURT
Per Curiam.
Petitioners are employees of the New York City Department of Parks and Recreation. On May 31, 1986, each took a competitive civil service examination administered by respondents for promotion to Park Supervisor. They were subsequently notified that they had scored below the passing grade of 70. Petitioners then commenced this article 78 proceeding seeking an order directing respondents to review their examination results pursuant to the administrative review procedures contained in section 50-a of the Civil Service Law. The parties stipulated to limit the proceeding to a challenge to respondent Personnel Director’s grading of 13 of the examination questions and to the appropriate remedy should an error be found in the grading.
Supreme Court found that 10 of the challenged questions were wrongly scored and directed respondents to regrade the exam and compile a special eligible list containing petitioners’ names. It directed that the list remain in effect for four years following its promulgation, or for as long as necessary to reach all persons on it who scored equal to or higher than the last person appointed from the original list, whichever period was shorter. The Appellate Division affirmed. On appeal to this Court, respondents contend that the courts below erred in fixing the four-year duration of the special eligible list.
The State Constitution requires that all appointments and promotions in the civil service, and its subdivisions, shall be made according to merit and fitness to be ascertained, as far as practicable, by competitive examination (NY Const, art V, §6). After examination, the names of successful candidates are placed on the eligible list in order of their grades and appointments must be made from among the top three names (Civil Service Law § 50 [6]; §§ 60, 61). Under section 56 of the Civil Service Law, the duration of an eligible list shall be fixed at 1 to 4 years as determined by the administrative board or personnel officer to whom the function of developing an eligi *551 ble list has been delegated (see, Hurley v Board of Educ., 270 NY 275, 280; see also, Matter of Mena v D'Ambrose, 44 NY2d 428, 433). In this case respondent set the duration of the original Park Supervisor list at four years.
Petitioners do not contest the Personnel Director’s authority to set the duration of the eligible list in the first instance (see, Civil Service Law § 56). Rather, they contend that when the court orders a special eligible list it also has the discretion to establish the duration of the list. They successfully contended in the courts below that to preserve the integrity of the civil service system the special list should have the same duration as the original. Supreme Court directed that "[t]he special list shall have a duration of four years from the date on which it is promulgated, or as long as is necessary to reach for appointment all persons whose regraded examinations place them at a level equal to or higher than the last person appointed from the expired original list, whichever period is shorter.”
Under section 17 (4) of the Civil Service Law, respondent Levitt, as Personnel Director of New York City, has been delegated the function of conducting examinations and establishing eligible lists for the position of Park Supervisor and she has the discretion to determine how long those lists shall remain in force, limited only by the requirement that the lists continue for not less than one nor more than four years (see, Hurley v Board of Educ., 270 NY 275, supra; Matter of Mena v D'Ambrose, 44 NY2d 428, supra; Civil Service Law § 56). There is nothing in our opinion in Mena which requires that the special list have the same duration as the original list. On the contrary, we held there that petitioners were "entitled to the continuation of a special eligible list * * * for a period consistent with section 56 commencing at the time when the list was corrected”, i.e., 1 to 4 years (Matter of Mena v D'Ambrose, supra, at 433, see also, Matter of Deas v Levitt, 73 NY2d 525, 534).
This interpretation is consistent with the purpose behind the merit and fitness requirements upon which civil service rules rest. As we noted in Hurley, "[a] competitive examination may demonstrate merit and fitness, at the time of the examination. As time passes, its value as a test of merit and fitness diminishes. Others may, then, be better prepared and more fit to fill a position than those who are upon the list. The Legislature, or administrative boards or officers, to whom that function has been delegated * * *, may determine how long *552 an existing list shall remain in force” (270 NY, at 280). Some lists age quickly as the nature of a job and the skills required to perform it change; others retain their value for a longer period. The agency authorized to administer the competitive examination and to establish the eligible list is best positioned to judge the length of the special list depending on particular skills and knowledge necessary for the job, the needs of the relevant agency, the number of appointments available, as well as a variety of other factors relevant in deciding the utility of the list as a test of "merit and fitness” and its reasonable duration. Indeed, even greater flexibility may be necessary and desirable in the case of specially ordained lists, because unlike original lists, they may be promulgated years after the pertinent examination, thus diminishing their value as a test of merit and fitness. These are considerations which should be weighed by affected Personnel Directors, not Judges.
The result of the rule proposed by the dissenters is that although the original list of candidates eligible for promotion to Park Supervisor was established in October 1986, appointment of those placed on the special list could be made long after the qualifications tested or the needs of the position have changed and years after the statutory four-year maximum provided in the Civil Service Law has expired. In many cases the result of applying such a rule could be even more aggravated than the result proposed here (see, e.g., Andriola v Ortiz, 156 AD2d 241 [judgment directing creation of special list entered seven years after test]).
Accordingly, we hold that once a petitioner has successfully attacked the validity of an original eligible list and a special list has been ordered judicially to remedy error, the duration of the special list is to be determined by the municipal commission or personnel officer charged with that task in the first instance in accordance with section 56 of Civil Service Law.
Accordingly, the order of the Appellate Division should be modified, with costs to respondents, in accordance with the opinion herein, and, as so modified, affirmed.