■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BLYDEN, Appellant. [622 NYS2d 445] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered March 31, 1993, convicting defendant of robbery in the second degree, and sentencing him, after a non-jury trial, as a mandatory persistent violent felony offender, to a term of 10 years to life, unanimously affirmed.

The defendant and two companions robbed the two victims, both of whom were acquainted with defendant, at gun point. Viewing the evidence in the light most favorable to the People, and giving due deference to the jury's findings on credibility under the standards set forth in *People v Bleakley* (69 NY2d 490, 494, 495) defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence, and the verdict was not against the weight of the evidence. On the present state of the record, there is no indication that the alleged *Rosario* material which defendant claims was not turned over, even existed, and defendant has failed to present this Court with an adequate record for review *(People v Hentley,* 155 AD2d 392, *lv denied* 75 NY2d 919). Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.

■ In the Matter of FRED WILSON, Appellant, v CATHERINE M. ABATE, as Commissioner of the New York City Department of Correction, et al., Respondents. [621 NYS2d 566] —Judgment (denominated an order), Supreme Court, New York County (Harold Tompkins, J.), entered on or about August 23, 1993, which granted respondent's motion to dismiss petitioner's application pursuant to CPLR article 78 seeking to extend the expiration date of an eligible list for the position of Captain in the Department of Correction, unanimously affirmed, without costs.

As petitioner has not challenged the constitutionality of the list, the list need not be extended merely due to the commencement of the litigation within the list's lifetime *(Matter of Deas v Levitt,* 73 NY2d 525, *cert denied* 493 US 933). We agree with the IAS Court that respondents' refusal to exercise their discretion to extend the list *(Matter of DiNatale v Levitt,* 76 NY2d 548) was not arbitrary or capricious under the instant circumstances. Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.