■ In the Matter of ANGELO PETITTO et al., Appellants, v LILLIAN BARRIOS-PAOLI et al., Respondents. [664 NYS2d 33] —Or-

der, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about September 23, 1996, which, in a proceeding pursuant to CPLR article 78 to annul respondents' termination of an eligibility list for police officers and to compel reinstatement of such list, granted respondents' motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

Under Civil Service Law § 56, the decision whether to extend the duration of an eligibility list beyond the four-year maximum because of restrictions against the filling of vacancies during the effective period of the list is committed to the "broad discretion" of respondent Department of Personnel, which discretion may not be exercised arbitrarily or in bad faith (*Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 385-386). Here, four lists were extant at the time a hiring freeze was instituted, petitioners' list being the most recent. That respondents chose to extend the duration of the three earlier lists but not petitioners' list does not, by itself, show arbitrary administrative action (*cf., Matter of DiNatale v Levitt*, 76 NY2d 548, 551-552). Assuming that petitioners were placed on "standby" status, as they allege, the letters they received from respondents warning them not to leave their employment until they were notified to report for appointment show that there were no customs or understandings giving petitioners some kind of legally protectible interest in appointment (*cf., Matter of Cassidy v Municipal Civ. Serv. Commn.*, 37 NY2d 526, 529-530). We have considered petitioners' other contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Andrias and Colabella, JJ.