[682 NYS2d 387]

In the Matter of City of New York et al., Petitioners, v New York State Division of Human Rights et al., Respondents.

First Department, December 29, 1998

## APPEARANCES OF COUNSEL

*Julian L. Kalkstein* of counsel (*Larry A. Sonnenshein* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for petitioners.

*Michael K. Swirsky* of counsel (*Lawrence Kunin, General Counsel,* State Division of Human Rights, attorney), for respondents.

## OPINION OF THE COURT

MILONAS, J.

The events culminating in this CPLR article 78 proceeding began 25 years ago, in 1973, when respondent Eddie Ricks took and passed Civil Service Examination No. 3090 for the title of sanitation worker in the Department of Sanitation (DOS). In January 1979, those candidates who had passed Exam No. 3090 were placed on an eligible list for appointment subject to passing a medical examination. In May 1983, following such an exam, Ricks was found medically disqualified because he had spina bifida, a condition that, under the medical standards then followed by the Department of Personnel (DOP) for the position of sanitation worker, automatically disqualified an applicant. Following denial of his DOP appeal of the disqualification, Ricks filed a complaint with the State Division of Human Rights (SDHR) in 1983, alleging discrimination on the basis of race; an amended complaint in 1984 added the claim of discrimination on the basis of a perceived disability.

In June 1986, the eligible list for Exam No. 3090 expired by operation of law (Civil Service Law § 56). In the fall of 1986, DOP's medical standards were revised, and the automatic disqualification for spina bifida was dropped. Ricks was reexamined and found medically qualified in August 1987. However, because the eligible list for Exam No. 3090 had expired, he could not be considered for appointment from that list, nor, in accordance with the law at that time, could he be placed on a special eligible list.

On various dates in 1988 and 1989, a hearing was conducted on Ricks's SDHR discrimination complaints. Noting that respondents (petitioners herein) had not challenged Ricks's ability to perform the duties of a sanitation worker in a reasonable manner, the Administrative Law Judge concluded that he had been discriminated against on the basis of his disability. After discussing Ricks's limited legal remedies in light of the

expiration of the eligible list, the Judge recommended an award of $20,000 in compensatory damages for mental anguish and humiliation. A subsequent proposed order submitted to the Commissioner by SDHR Adjudication Counsel noted the absence of any evidence in the record that Ricks could not perform the duties of a sanitation worker at the time of his disqualification or that spina bifida was an "absolute impediment" to performing those duties; because petitioners herein failed to establish a relationship between Ricks's condition and the duties of the position sought, the recommendation was to sustain the complaint.

In August 1990, the then Commissioner signed an order upholding the finding of discrimination. Notwithstanding the fact that the expiration of the original eligible list prevented Ricks from being placed on a special eligible list, under *Matter of Deas v Levitt* (73 NY2d 525, *cert denied* 493 US 933) and *Matter of Tanzosh v New York City Civ. Serv. Commn.* (44 NY2d 906), the order directed petitioners herein to pay Ricks compensatory damages consisting of back pay computed from the date he was disqualified to the date the eligible list expired (offset by his actual earnings during that time) as well as the compensatory damages recommended by the Administrative Law Judge.

This might well have been the end of the matter, particularly given that no appeal was taken from the 1990 order. However, in 1996, SDHR realized that the Commissioner who signed the order had appeared as counsel for SDHR in the matter and that "such dual participation in the proceedings" required de novo review and a new order by an impartial arbiter (*see, Matter of General Motors Corp. v Rosa*, 82 NY2d 183, 189). Accordingly, the newly appointed Commissioner vacated the 1990 order, conducted a de novo review of the hearing record and issued the October 1997 order that is before us now.

The 1997 order also found that Ricks had been discriminated against on the basis of a disability that did not prevent him from performing the duties of the position sought. Of critical significance to Ricks this time around, however, and changing the outcome of his efforts begun in 1983 with the filing of his SDHR complaint, was an amendment to the Civil Service Law after the 1990 order. In 1990, under *Matter of Deas v Levitt* (*supra*), once an eligible list expired, an applicant could be placed on a special eligible list only if he or she had commenced a proceeding to challenge the validity of the list prior to its expiration. In 1994, specifically in response to *Deas* and a

subsequent case, *Matter of DiNatale v Levitt* (76 NY2d 548), the Legislature amended Civil Service Law § 56 so that "[a]n applicant or eligible whose disqualification has been reversed or whose rank order has been adjusted subsequent to the expiration of an eligible list shall be placed on a special eligible list for a length of time * * * not to exceed a maximum of one year" (Civil Service Law § 56 [3]). The amendment recognized that because there were often long delays in adjudicating such claims, whether by administrative or judicial proceeding, "[t]oo often applicants find that, like those in DEAS and DINATALE, they have won the battle to be found eligible to compete for a permanent civil service appointment, but have lost the war— because the eligible list is approaching expiration or has expired. This legislation provides a fair and reasonable remedy" (Mem of Sen. Maltese, 1994 NY Legis Ann, at 157).

■ Observing that he was "obliged to apply the law as it now exists and not as it was when the instant case was initially submitted to [his] predecessor," the new Commissioner found that, under Civil Service Law § 56 (3), Ricks was entitled to be placed on a special eligible list for one year. He further found that, if appointed from that list, Ricks was entitled to retroactive seniority; that, for wrongful exclusion from the original list, Ricks was entitled to back pay damages from the date of disqualification to the date the list expired; and that Ricks was entitled to $20,000 in damages for mental anguish and humiliation.

Petitioners claim that the rule of *Deas (supra)* applies to Ricks and that therefore he cannot be placed on a special eligible list because he did not challenge the validity of the original list before it expired. We find to the contrary that Civil Service Law § 56 (3) applies and permits the creation of such a list. Section 56 was amended in order to remedy the result of *Deas* and *DiNatale (supra)*, i.e., to recognize the unfairness to applicants who have pursued administrative or judicial review of a disqualification finding only to discover that, having secured a favorable result, they are nonetheless denied the ability to be appointed solely because they did not challenge the validity of the original eligible list before it expired. Such a remedial amendment with this express purpose should be given retrospective effect to pending cases (*see, Matter of Duell v Condon*, 84 NY2d 773, 783), and indeed, it would seem to defeat the very purpose of the amendment not to do so. We note parenthetically that, while Ricks thus stands to benefit from the fortuitous timing of the second order, petitioners neither appealed nor complied with the earlier order.

Moreover, we do not agree with petitioners' claim that the amendment somehow violates the Merit and Fitness Clause of the New York State Constitution (art V, § 6) because it authorizes a special list after the original has expired. As respondents point out, the very creation of eligible lists is a creature of statute (Civil Service Law § 56), as a means of carrying out the spirit of the Merit and Fitness Clause. The establishment of a special list for at most one year for the express purpose of rectifying an applicant's previous wrongful exclusion is not equivalent to reviving an extinguished, stale list nor does it conflict with the principle of making appointments based on merit and fitness rather than favoritism.

■ We do find, however, that the award of back pay for the period determined by the Commissioner is unlawful. Although Ricks was entitled to be considered for appointment, he was not guaranteed appointment had his name been on the original list. As we stated in *Matter of Greco v Department of Personnel* (226 AD2d 105), "[t]he appropriate remedy for defects in the Civil Service appointment or promotion process is not retroactive appointment or promotion with an award of back pay, which would violate the strong State policy of discretionary governmental appointive power underlying Civil Service Law § 61, but rather reconsideration for appointment or promotion after the defect in the process has been corrected" (*see also, Matter of Andriola v Ortiz*, 82 NY2d 320, 324-326, *cert denied sub nom. Andriola v Antinoro*, 511 US 1031).

■ With respect to compensatory damages for mental anguish, we find that the award of $20,000 is excessive and unsupported by the evidence. Indeed, there was scant evidence from complainant on this point at all; despite the conclusion of the Administrative Law Judge that this had been an "extremely traumatic experience" for Ricks, there is simply insufficient evidence to support this in the record. Ricks stated only that he was "hurt," "angry" and "emotional" at being denied employment that he believed would offer job security for him and his family. Beyond these few words, there was nothing attesting to mental anguish or humiliation such that an award in the amount of $20,000 would be justified, and we therefore reduce the award to $10,000 (*see, Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216-217; *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 207 AD2d 585; *Matter of Electchester Hous. Project v Rosa*, 225 AD2d 772, 774; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Div. of Human Rights*, 225 AD2d 553, 554).

Accordingly, in this proceeding, brought pursuant to CPLR article 78 and Executive Law § 298, and transferred to this Court by order of Supreme Court, New York County (Richard Braun, J.), entered February 25, 1998, the determination of respondent Commissioner of the New York State Division of Human Rights, dated October 6, 1997, finding that petitioners discriminated against respondent complainant on the basis of disability and directing petitioners to (1) create a special eligible list for the position of sanitation worker for complainant; (2) award complainant retroactive seniority in the event he is appointed from said special eligible list; and (3) pay complainant back pay in the amount of $43,612 and compensatory damages in the amount of $20,000 for mental anguish and humiliation, should be modified, on the law and the facts, the petition granted to the extent of vacating the award for back pay and reducing the award for mental anguish to $10,000, the petition otherwise denied and the determination otherwise confirmed, without costs.

SULLIVAN, J. P., WALLACH, WILLIAMS and MAZZARELLI, JJ., concur.

In this CPLR article 78 proceeding, transferred to this Court by order of Supreme Court, New York County, entered February 25, 1998, the determination of respondent Commissioner of the New York State Division of Human Rights, dated October 6, 1997, is modified, on the law and the facts, the petition granted to the extent of vacating the award for back pay, reducing the award for mental anguish to $10,000, and otherwise denied, and the determination otherwise confirmed, without costs.