93 N.Y.2d 768 (1999)
720 N.E.2d 870
698 N.Y.S.2d 594
In the Matter of CITY OF NEW YORK et al., Appellants,
v.
NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.
Court of Appeals of the State of New York.
Argued September 15, 1999.
Decided October 19, 1999.
*769 Michael D. Hess, Corporation Counsel of New York City (Julian L. Kalkstein and Larry A. Sonnenshein of counsel), for appellants.
*770 Michael K. Swirsky, New York City, and Gina M. Lopez for New York State Division of Human Rights, respondent.
Judges SMITH, LEVINE, WESLEY and ROSENBLATT concur with Judge BELLACOSA; Chief Judge KAYE dissents in part and votes to affirm in a separate opinion; Judge CIPARICK taking no part.

*771 OPINION OF THE COURT
BELLACOSA, J.
This appeal as of right (CPLR 5601 [b] [1]) by the City of New York raises the question whether subdivision (3) of Civil Service Law § 56, added by amendment in 1994, is constitutional. The new subdivision requires municipal employers to create special eligible lists that benefit a particular class of civil service job applicants. The benefitted group includes aspirants whose disqualification from consideration for employment is nullified through administrative or judicial action after an initial eligible list has already expired. The statutory amendment attempts to provide a meaningful remedy, lest the nullification result in a hollow victory.
Because we conclude that the challenged statute is an unconstitutional impingement on the Merit and Fitness Clause of the State Constitution (art V, § 6), we must modify the judgment of the Appellate Division. The judgment is reversed insofar as it upholds the legislative creation of a new righta special eligible list and retroactive seniority upon appointment from that list. We thus annul the determination of respondent New York State Division of Human Rights (SDHR) to the extent that it directed a special eligible list and retroactive seniority pursuant to the challenged statute. However, this Court leaves undisturbed that portion of the determination and judgment awarding compensatory damages to the aggrieved applicant.
The case arises from the refusal by New York City to place Ricks on a civil service eligible list. In 1973, the applicant took and passed exam 3090, entitling him to attempt to obtain a job as a sanitation worker. By January 1979, those successful on the written exam were placed on an eligible list subject also to passing a medical exam. Ten years after the examination, in May 1983, Ricks was found medically disqualified based on then-operative Department of Personnel medical standards. Ricks suffered from spina bifida, a condition which at the time was an automatic disqualifier. The City Personnel Department denied Ricks' appeal of the medical disqualification. Ricks then filed a complaint with the SDHR, alleging racial discrimination. He amended the complaint a year later to include discrimination based on a disability.
In 1986, the Department of Personnel revised its medical standards, eliminating the automatic disqualification for spina bifida. When Ricks underwent a medical re-examination in *772 August 1987, he was found medically qualified. This turned out to be too late to be meaningful. The eligibility list on which his name appeared had already expired, by operation of law, as of June 1986. At that point, it lost its legal existence.
In 1988 and 1989, the SDHR conducted a hearing, and the Administrative Law Judge determined that Ricks suffered discrimination based on a perceived disability. He was awarded compensatory damages of back pay that would have been earned (offset by actual earnings during the pertinent years) and $20,000 for mental anguish. The City did not appeal this determination.
Six years later, SDHR vacated its earlier determination because the Commissioner who made the final determination had previously appeared as counsel for SDHR in the same matter (see, Matter of General Motors Corp.Delco Prods. Div. v Rosa, 82 NY2d 183). SDHR then issued a de novo order in 1997 reiterating the discrimination finding and the compensatory damages award of $20,000 for mental anguish to "effectuate the purposes of the Human Rights Law." SDHR also directed, pursuant to its retroactive application of subdivision (3) of Civil Service Law § 56, enacted in 1994, that Ricks should be placed on a special eligible list for one year, awarded retroactive seniority in the event of appointment, and awarded backpay offset by actual earnings. The City then challenged the SDHR determination.
The Appellate Division, upon a standard CPLR article 78 transfer, modified the 1997 SDHR determination by vacating the award of back pay and reducing the compensatory mental anguish award to $10,000. Relevant to this appeal, it upheld the constitutionality and the retroactive application of the 1994 Civil Service Law amendment, directing the creation of a special eligible list and retroactive seniority.
Petitioners (the City) appeal on constitutional grounds from the Appellate Division judgment. We must further modify the ruling of the Appellate Division because subdivision (3) of Civil Service Law § 56 violates the paramount constitutional requirements governing the merit and fitness of civil service employees.
Article V, § 6 of the New York State Constitution provides that employment and promotions "shall be made according to merit and fitness." Civil Service Law § 56 has long governed the establishment and duration of eligible lists after competitive testing, which have become a key mechanism for fulfilling the merit and fitness mandate.
*773 In 1994, subdivision (3) of Civil Service Law § 56 was amended in pertinent part as follows:
"the name of any applicant or eligible whose disqualification has been reversed or whose rank order on an eligible list has been adjusted through administrative or judicial action or proceeding shall be placed on an eligible list for a period of time equal to the period of disqualification * * * If an eligible list expires prior to the expiration of such period of restoration, the name of the applicant or eligible shall be placed on a special eligible list, which shall have a duration equal to the remainder of the period of restoration. An applicant or eligible whose disqualification has been reversed or whose rank order has been adjusted subsequent to the expiration of an eligible list shall be placed on a special eligible list for a length of time equal to the restored period of time not to exceed a maximum of one year".
This provision was designed specifically to supplant Matter of Deas v Levitt (73 NY2d 525, cert denied 493 US 933) and Matter of DiNatale v Levitt (76 NY2d 548).
In those cases, claimants "won the battle to be found eligible to compete for a permanent civil service appointment, but have lost the warbecause the eligible list is approaching expiration or has expired" (Mem of Senator Maltese, 1994 NY Legis Ann, at 157). The legislation was designed to provide a "fair and reasonable remedy" under such circumstances (id.).
The City presses the argument that this amendment violates the constitutional merit and fitness protection. The vice it identifies is that the legislation authorizes an opportunity to candidates whose entitlement to consideration for appointment ended because their original lists lost their legal cognizability.
SDHR and Ricks counter that the entire concept of the eligible list is a legislative creation. They urge, therefore, that the Legislature may proclaim the special eligible list to redress the inequity of disqualification of otherwise qualified candidatesthose found and declared illegally excluded from considerationfrom their opportunities to be considered at a later time.
We all agree that the Legislature, not the Merit and Fitness Clause of the Constitution, creates eligible lists. This Court has made it very clear, however, that "[t]he discretion of the *774 Legislature is limited to the field of the enforcement of that section of the Constitution" (Hurley v Board of Educ., 270 NY 275, 279 [emphasis added]). The problem with this case and the 1994 amendment to Civil Service Law § 56 is that they go beyond "enforcement." In the words of the Sponsor's Memorandum, the amendment creates a new "remedy" (Mem of Senator Maltese, op. cit., at 157). That kind of substantive enhancement is overlooked or minimized by the dissent; indeed, the law plainly pushes the statute beyond the permissible realm of "enforcement." Moreover, it is applied retroactively in this case, yielding a discrete argument properly objected to by the appellant City as a basis for invalidation because of the statute's reach back into time.
The rationale of Matter of Deas v Levitt (73 NY2d 525, cert denied 493 US 933, supra)the impetus for this legislative amendmentis also still compelling. There, this Court plainly declared that "appointment of an individual from a constitutionally valid expired list violates article V, § 6 of the NY Constitution" (Matter of Deas v Levitt, supra, at 531). As wellmeaning as this amendment is, the Legislature likewise lacks the authority to override a constitutional barrier by passing a law specifically to negate this principle. If the enactment is purposefully in derogation of the constitutional edict reinforced by the Deas case, the new law is necessarily in derogation of the Constitutionan impermissible leap. The attempt to distinguish Deas from this case, as proposed by the dissent, fails. The purported distinction is a difference without legal significance, and cannot overcome the cogency of the Deas precedent and rationale, rooted in a constitutional protection.
Deas involved a type of civil service disqualification similar to that at issue here. This Court synthesized its pertinent precedents and determined that the crucial factor for resolving the challenge was the nature of the claim. Rather than simply asserting that an applicant for a job was wrongly ruled ineligible, the challenger must attack the validity of the list itself, as being in violation of the merit and fitness requirements. Where such a challenge to the entire list is successful, the corrected list is extendeda special list"because the original was never valid" (see, Matter of Deas v Levitt, supra, at 534; see also, Matter of Tanzosh v New York City Civ. Serv. Commn., 44 NY2d 906; cf., Matter of Mena v D'Ambrose, 44 NY2d 428).
Thus, Deas made clear that pursuant to the Constitution, the special eligible list created by this Court in Matter of Mena v D'Ambrose (44 NY2d 428, supra) may be available only when *775 the statutory life of the list has not previously sprung to legal life and then expired. That is fundamentally different from the circumstances presented by this case and this legislative amendment. Here, the candidate for consideration rises like a phoenix from the ashes of a once valid list that burned out legally.
Because the 1994 amendment to the Civil Service Law substantially transforms the narrow Mena remedy to make special eligible lists available to any and all improperly disqualified applicants, regardless of the nature of their claim, it goes too far and breaches the constitutional barrier. The Mena remedy is permissible, in contrast to the remedy of this amendment, because Mena merely allowed possible appointment from a list that had technically not yet come to legal life. Thus, that list could not expire and then spring back to life as a constitutionally forbidden new source-line that directly conflicts with a potential appointment of persons from a regularly promulgated list.
The possible conflicting appointment, reincarnated out of an expired list, is the crux of the "merit and fitness" deficiency under the challenged statutory amendment. The dissent fails to recognize that this conflict removes this case from the Mena orbit, just like the constitutional deficit in Deas did.
Unassailably, a key feature of competitive merit and fitness examinations is to prevent favoritism or undue advantage:
"Preference among those qualified for a position must be determined solely by relative standing upon the eligible list then in force. Favor must be excluded. It is not excluded when without a new examination the Legislature commands that appointments must be made from an eligible list then not in force before appointments can be made from a list which is in force. Then the Legislature destroys the preference which has been gained by competitive examination, and confers eligibility to office by favor" (Hurley v Board of Educ., supra, at 280 [emphasis added]).
Nevertheless, SDHR and Ricks seek to distinguish Hurley on the basis that Hurley involved a legislative attempt to extend an expired list, rather than to create a special eligible list as the result of an erroneous exclusion of an individual from the eligible list. Their distinctionadopted by the dissentdoes not rescue their sympathetic cause because either result allows *776 the potential of an appointment of an individual, in effect, from a legally defunct list. Neither the courts nor the Legislature can revive an applicant's eligibility in such circumstances, derived from an expired list in a manner that is incompatible with the constitutional protection.
Despite the beneficent purpose behind the 1994 amendment, its direct bestowal of this new right cannot be countenanced here. Transferring a person from a legally expired list onto a new legislatively created eligible list that may then be in competition with a regular, valid eligible list is precisely the kind of advantage that the Constitution withholds from the legislative power provenance (see, Hurley v Board of Educ., supra). Contrary to the Appellate Division's determination, which the dissent would reinforce, this enacted methodology does not comport with well-grounded guideposts for merit and fitness appointments; rather, it violates them and the essential rationale and spirit of this Court's precedents. The inevitable effect of trying to create a new opportunity for someone from a legally defunct list constitutes a forbidden end-run-around the constitutional barrier.
The retroactive application of the Civil Service Law amendmentwhich creates a new right and, therefore, should be applied only prospectivelyonly compounds the Appellate Division's and dissent's mis-appreciation of this proscribed legislative effort.
Notably, though, our decision declaring Civil Service Law § 56 (3) unconstitutional does not nullify or affect the Appellate Division's modified ruling insofar as the SDHR determination awards compensatory damages to Ricks for the original disability discrimination.
Finally, while the entire Court deplores, with a sense of frustration, the abysmal bureaucratic delays that add insult to the injury to the applicant in this case, and others like it, the majority discerns no principled distinction that would allow a legislative override to the higher constitutional provision at issue here. Ricks is, at long last, to receive some monetary compensation. To confer upon him, additionally and very belatedly, a newly declared right that is also imbued with a retroactive revitalization would introduce unwarranted precedential disturbance to this field of law.
Accordingly, in accordance with this opinion the judgment of the Appellate Division should be modified, without costs and, as so modified, affirmed.
*777 Chief Judge KAYE (dissenting in part).
Article V, § 6 of the New York Constitution requires that civil service appointments be made according to merit and fitness. Specifically, article V, § 6 states in pertinent part:
"[a]ppointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive."
The Constitution says nothing else about how civil service appointments must be made. Thus, it was left to the Legislature to develop a system to ensure that appointments are made on the basis of merit and fitness rather than favoritism.
Under the scheme adopted by the Legislature, applicants who pass a civil service examination are placed on an eligible list, with a duration of between one and four years (see, Civil Service Law § 56). In certain circumstances, however, the Civil Service Department or municipal commission may extend the duration of the list (see, Civil Service Law § 56 [1], [2]). When a position becomes vacant, the Civil Service Commission certifies three applicants, based on their standing on the eligible list. The position must then be offered to one of those applicants (see, Civil Service Law § 61).
This scheme generally promotes the constitutional requirement of merit and fitness. Occasionally, however, this system of expiring eligible lists may have the contrary effect. This case is a good example.
Respondent Eddie Ricks in 1973 passed the civil service examination, and in 1983, was in line to be certified as a New York City sanitation worker. The City, however, wrongly determined that Ricks was not medically qualified. By the time his disqualification was reversed, the eligible list for his examination had expired, thereby depriving him of the opportunity to obtain the job for which he should have been certified years earlier. Further, although the lapse of time is hopefully unusual, Ricks' case is by no means unique. Other qualified individuals also are wrongly denied civil service jobs, only to find that after their disqualifications are reversed, their eligible lists have expired, thus denying them the opportunity to gain civil service employment (see, Bill Jacket, L 1994, ch 206). Such a situation hardly comports with the notion of "merit and fitness."
*778 The Legislature in 1994 adopted a limited measure to address the situation. Civil Service Law § 56 (3) mandates the creation of special eligible lists, not to exceed one year in duration, for candidates whose initial disqualifications are reversed by administrative or judicial action. Section 56 (3) states in pertinent part:
"An applicant or eligible whose disqualification has been reversed or whose rank order has been adjusted subsequent to the expiration of an eligible list shall be placed on a special eligible list for a length of time equal to the restored period of time not to exceed a maximum of one year."
The purpose of this amendment was to provide a "fair and reasonable remedy" for civil service applicants who had "won the battle to be found eligible to compete for a permanent civil service appointment, but * * * lost the warbecause the eligible list [was] approaching expiration or ha[d] already expired" (Letter from Assembly Member Helene Weinstein to Governor Mario M. Cuomo, Bill Jacket, L 1994, ch 206).
Section 56 (3) does not violate the principle of merit and fitness, but rather furthers it. Section 56 (3) ensures that applicants who pass a competitive examination and meet the qualifications for the position, but are wrongly ruled unqualified, are given an opportunity to compete for civil service jobs. This promotes "merit and fitness" in individual cases, like Ricks', by assuring every qualified applicant the opportunity to compete, and also enhances the integrity of the system as a whole, by assuring applicants that they will not be denied employment because of a correctable bureaucratic error. Thus, section 56 (3) is fully consistent with the Merit and Fitness Clause of our Constitution.
Nor does section 56 (3)the presumptively constitutional enactment of a co-equal branch of governmentconflict with our case law. To be sure, we have held that the Merit and Fitness Clause prohibits the Legislature from reviving an entire expired eligible list after a new list has taken effect, because to do so would raise the spectre of favoritism (see, Hurley v Board of Educ., 270 NY 275, 280; see also, Ciaccia v Board of Educ., 271 NY 336, 339). This Court has held, however, that special eligible lists may be created as a limited remedy for specific erroneous disqualifications. In Matter of Mena v D'Ambrose (44 NY2d 428), for example, we held that petitioners, whose answers to a civil service examination had been improperly *779 graded, were entitled to be placed on a special eligible list even though their list had expired. Although there exists "a strong policy that appointments be made from contemporary lists," we recognized that "this policy must be secondary to the constitutional mandate" that qualified applicants deserve the right to compete for civil service jobs (id., at 433).
Matter of Deas v Levitt (73 NY2d 525, cert denied 493 US 933), similarly, does not support the conclusion the Court reaches today. In Deas, we held it impermissible for courts to create special eligible lists as an equitable remedy for improper disqualifications unless applicants have (1) brought timely proceedings for administrative or judicial review and (2) attacked the validity of the eligible list itself (id., at 531). Deas, however, involved a judicially-created special list; it did not involve a statutory scheme including special eligible lists as part of the Legislature's constitutional responsibility to implement the Merit and Fitness Clause.
This distinction is important. In Deas, this Court was undoubtedly concerned that the proliferation of judicially-created special lists, potentially unlimited in duration, could lead to derogation of the merit and fitness requirement. If courts could separately create special lists for every applicant found wrongly disqualified, the result might be a multiplicity of lists, which could have the effect of creating disarray in civil service appointments and of denying employment to meritorious candidates. Thus, in Deas, we circumscribed the authority of courts, on their own, to create special eligible lists.
Here, by contrast, the Legislature has created special lists as part of a single statutory scheme to enforce the Merit and Fitness Clause. Section 56 (3), which permits the creation of special lists in limited circumstances, for short periods of time, in order to remedy clear inequities, does indeed promote the overarching principle of merit and fitness. Further, because the special lists at issue here have been legislatively created, they are part of the structured, over-all scheme and do not risk creating disarray in civil service appointments. Thus, section 56 (3), unanimously passed by both houses, is an appropriate exercise of the Legislature's authority to enforce the Merit and Fitness Clause.
Furthermore, section 56 (3) does not violate the principle of Deas and Hurley because it does not revive expired lists. Rather, because section 56 (3) is part of the statutory scheme, it prospectively mandates that lists will be extended for applicants *780 who have been wrongly disqualified (see, Mem of Atty Gen, Bill Jacket, L 1994, ch 206 [section 56 (3) does not "retroactively revive an expired eligible list, but instead creates a mechanism which prospectively extends existing or future lists"]). As we have held, the Legislature has the authority to extend the duration of an eligible list, before it expires, "for a limited and reasonable time" (Ciaccia v Board of Educ., supra, 271 NY, at 339). Section 56 (3) is a proper exercise of that authority.
Finally, the Appellate Division correctly held that section 56 (3) applies retroactively to the case at hand. As a rule, if a statute creates a new substantive right, it is applied prospectively only, unless the Legislature clearly intended to give it retroactive effect. However, ifas herea statute is remedial in purpose, it is generally given retroactive effect (see, Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584; Matter of OnBank & Trust Co., 90 NY2d 725, 730; Matter of Duell v Condon, 84 NY2d 773, 784). Section 56 (3) was intended to create a remedy for erroneous disqualifications by permitting the creation of special eligible lists.
Ideally, this litigation should have been concluded years ago. Ricks, however, should not be penalized for the delay, because none of it is attributable to him. He filed a timely administrative appeal following his disqualification, and has prevailed at every stage, up until now. The lengthy delay can be imputed, in its entirety, to the agency and to the City. Indeed, one of the purposes of section 56 (3) was to remove the City's incentive to "drag out appeals * * * hoping the list will expire prior to final adjudication" (Letter from AFSCME Executive Director Stanley Hill to Governor Mario M. Cuomo, Bill Jacket, L 1994, ch 206).
In sum, I would affirm the Appellate Division order mandating Ricks' placement on a special eligible list.
Judgment modified, etc.