*771 OPINION OF THE COURT
Bellacosa, J.
This appeal as of right (CPLR 5601 [b] [1]) by the City of New York raises the question whether subdivision (3) of Civil Service Law § 56, added by amendment in 1994, is constitutional. The new subdivision requires municipal employers to create special eligible lists that benefit a particular class of civil service job applicants. The benefitted group includes aspirants whose disqualification from consideration for employment is nullified through administrative or judicial action after an initial eligible list has already expired. The statutory amendment attempts to provide a meaningful remedy, lest the nullification result in a hollow victory.
 Because we conclude that the challenged statute is an unconstitutional impingement on the Merit and Fitness Clause of the State Constitution (art V, § 6), we must modify the judgment of the Appellate Division. The judgment is reversed insofar as it upholds the legislative creation of a new right — a special eligible list and retroactive seniority upon appointment from that list. We thus annul the determination of respondent New York State Division of Human Rights (SDHR) to the extent that it directed a special eligible list and retroactive seniority pursuant to the challenged statute. However, this Court leaves undisturbed that portion of the determination and judgment awarding compensatory damages to the aggrieved applicant.
The case arises from the refusal by New York City to place Ricks on a civil service eligible list. In 1973, the applicant took and passed exam 3090, entitling him to attempt to obtain a job as a sanitation worker. By January 1979, those successful on the written exam were placed on an eligible list subject also to passing a medical exam. Ten years after the examination, in May 1983, Ricks was found medically disqualified based on then-operative Department of Personnel medical standards. Ricks suffered from spina bifida, a condition which at the.time was an automatic disqualifier. The City Personnel Department denied Ricks’ appeal of the medical disqualification. Ricks then filed a complaint with the SDHR, alleging racial discrimination. He amended the complaint a year later to include discrimination based on a disability.
In 1986, the Department of Personnel revised its medical standards, eliminating the automatic disqualification for spina bifida. When Ricks underwent a medical re-examination in
*772 August 1987, he was found medically qualified. This turned out to be too late to be meaningful. The eligibility list on which his name appeared had already expired, by operation of law, as of June 1986. At that point, it lost its legal existence.
In 1988 and 1989, the SBHR conducted a hearing, and the Administrative Law Judge determined that Ricks suffered discrimination based on a perceived disability. He was awarded compensatory damages of back pay that would have been earned (offset by actual earnings during the pertinent years) and $20,000 for mental anguish. The City did not appeal this determination.
Six years later, SDHR vacated its earlier determination because the Commissioner who made the final determination had previously appeared as counsel for SDHR in the same matter (see, Matter of General Motors Corp.—Delco Prods. Div. v Rosa, 82 NY2d 183). SDHR then issued a de novo order in 1997 reiterating the discrimination finding and the compensatory damages award of $20,000 for mental anguish to “effectuate the purposes of the Human Rights Law.” SDHR also directed, pursuant to its retroactive application of subdivision (3) of Civil Service Law § 56, enacted in 1994, that Ricks should be placed on a special eligible list for one year, awarded retroactive seniority in the event of appointment, and awarded back-pay offset by actual earnings. The City then challenged the SDHR determination.
The Appellate Division, upon a standard CPLR article 78 transfer, modified the 1997 SDHR determination by vacating the award of back pay and reducing the compensatory mental anguish award to $10,000. Relevant to this appeal, it upheld the constitutionality and the retroactive application of the 1994 Civil Service Law amendment, directing the creation of a special eligible list and retroactive seniority.
Petitioners (the City) appeal on constitutional grounds from the Appellate Division judgment. We must further modify the ruling of the Appellate Division because subdivision (3) of Civil Service Law § 56 violates the paramount constitutional requirements governing the merit and fitness of civil service employees.
Article V, § 6 of the New York State Constitution provides that employment and promotions “shall be made according to merit and fitness.” Civil Service Law § 56 has long governed the establishment and duration of eligible lists after competitive testing, which have become a key mechanism for fulfilling the merit and fitness mandate.
*773 In 1994, subdivision (3) of Civil Service Law § 56 was amended in pertinent part as follows:
“the name of any applicant or eligible whose disqualification has been reversed or whose rank order on an eligible list has been adjusted through administrative or judicial action or proceeding shall be placed on an eligible list for a period of time equal to the period of disqualification * * * If an eligible list expires prior to the expiration of such period of restoration, the name of the applicant or eligible shall be placed on a special eligible list, which shall have a duration equal to the remainder of the period of restoration. An applicant or eligible whose disqualification has been reversed or whose rank order has been adjusted subsequent to the expiration of an eligible list shall be placed on a special eligible list for a length of time equal to the restored period of time not to exceed a maximum of one year”.
This provision was designed specifically to supplant Matter of Deas v Levitt (73 NY2d 525, cert denied 493 US 933) and Matter of DiNatale v Levitt (76 NY2d 548).
In those cases, claimants “won the battle to be found eligible to compete for a permanent civil service appointment, but have lost the war — because the eligible list is approaching expiration or has expired” (Mem of Senator Maltese, 1994 NY Legis Ann, at 157). The legislation was designed to provide a “fair and reasonable remedy’ under such circumstances (id.).
The City presses the argument that this amendment violates the constitutional merit and fitness protection. The vice it identifies is that the legislation authorizes an opportunity to candidates whose entitlement to consideration for appointment ended because their original lists lost their legal cognizability.
SDHR and Ricks counter that the entire concept of the eligible list is a legislative creation. They urge, therefore, that the Legislature may proclaim the special eligible list to redress the inequity of disqualification of otherwise qualified candidates — those found and declared illegally excluded from consideration — from their opportunities to be considered at a later time.
We all agree that the Legislature, not the Merit and Fitness Clause of the Constitution, creates eligible lists. This Court has made it very clear, however, that “[t]he discretion of the *774 Legislature is limited to the field of the enforcement of that section of the Constitution” (Hurley v Board of Educ., 270 NY 275, 279 [emphasis added]). The problem with this case and the 1994 amendment to Civil Service Law § 56 is that they go beyond “enforcement.” In the words of the Sponsor’s Memorandum, the amendment creates a new “remedy” (Mem of Senator Maltese, op. cit., at 157). That kind of substantive enhancement is overlooked or minimized by the dissent; indeed, the law plainly pushes the statute beyond the permissible realm of “enforcement.” Moreover, it is applied retroactively in this case, yielding a discrete argument properly objected to by the appellant City as a basis for invalidation because of the statute’s reach back into time.
The rationale of Matter of Deas v Levitt (73 NY2d 525, cert denied 493 US 933, supra) — the impetus for this legislative amendment — is also still compelling. There, this Court plainly declared that “appointment of an individual from a constitutionally valid expired list violates article V, § 6 of the NY Constitution” (Matter of Deas v Levitt, supra, at 531). As well-meaning as this amendment is, the Legislature likewise lacks the authority to override a constitutional barrier by passing a law specifically to negate this principle. If the enactment is purposefully in derogation of the constitutional edict reinforced by the Deas case, the new law is necessarily in derogation of the Constitution — an impermissible leap. The attempt to distinguish Deas from this case, as proposed by the dissent, fails. The purported distinction is a difference without legal significance, and cannot overcome the cogency of the Deas precedent and rationale, rooted in a constitutional protection.
Deas involved a type of civil service disqualification similar to that at issue here. This Court synthesized its pertinent precedents and determined that the crucial factor for resolving the challenge was the nature of the claim. Rather than simply asserting that an applicant for a job was wrongly ruled ineligible, the challenger must attack the validity of the list itself, as being in violation of the merit and fitness requirements. Where such a challenge to the entire list is successful, the corrected list is extended — a special list — “because the original was never valid” (see, Matter of Deas v Levitt, supra, at 534; see also, Matter of Tanzosh v New York City Civ. Serv. Commn., 44 NY2d 906; cf., Matter of Mena v D’Ambrose, 44 NY2d 428).
Thus, Deas made clear that pursuant to the Constitution, the special eligible list created by this Court in Matter of Mena v D'Ambrose (44 NY2d 428, supra) may be available only when *775 the statutory life of the list has not previously sprung to legal life and then expired. That is fundamentally different from the circumstances presented by this case and this legislative amendment. Here, the candidate for consideration rises like a phoenix from the ashes of a once valid list that burned out legally.
Because the 1994 amendment to the Civil Service Law substantially transforms the narrow Mena remedy to make special eligible lists available to any and all improperly disqualified applicants, regardless of the nature of their claim, it goes too far and breaches the constitutional barrier. The Mena remedy is permissible, in contrast to the remedy of this amendment, because Mena merely allowed possible appointment from a list that had technically not yet come to legal life. Thus, that list could not expire and then spring back to life as a constitutionally forbidden new source-line that directly conflicts with a potential appointment of persons from a regularly promulgated list.
The possible conflicting appointment, reincarnated out of an expired list, is the crux of the “merit and fitness” deficiency under the challenged statutory amendment. The dissent fails to recognize that this conflict removes this case from the Mena orbit, just like the constitutional deficit in Deas did.
Unassailably, a key feature of competitive merit and fitness examinations is to prevent favoritism or undue advantage:
“Preference among those qualified for a position must be determined solely by relative standing upon the eligible list then in force. Favor must be excluded. It is not excluded when without a new examination the Legislature commands that appointments must be made from an eligible list then not in force before appointments can be made from a list which is in force. Then the Legislature destroys the preference which has been gained by competitive examination, and confers eligibility to office by favor” (Hurley v Board of Educ., supra, at 280 [emphasis added]).
Nevertheless, SDHR and Ricks seek to distinguish Hurley on the basis that Hurley involved a legislative attempt to extend an expired list, rather than to create a special eligible list as the result of an erroneous exclusion of an individual from the eligible list. Their distinction — adopted by the dissent — does not rescue their sympathetic cause because either result allows *776 the potential of an appointment of an individual, in effect, from a legally defunct list. Neither the courts nor the Legislature can revive an applicant’s eligibility in such circumstances, derived from an expired list in a manner that is incompatible with the constitutional protection.
Despite the beneficent purpose behind the 1994 amendment, its direct bestowal of this new right cannot be countenanced here. Transferring a person from a legally expired list onto a new legislatively created eligible list that may then be in competition with a regular, valid eligible list is precisely the kind of advantage that the Constitution withholds from the legislative power provenance (see, Hurley v Board of Educ., supra). Contrary to the Appellate Division’s determination, which the dissent would reinforce, this enacted methodology does not comport with well-grounded guideposts for merit and fitness appointments; rather, it violates them and the essential rationale and spirit of this Court’s precedents. The inevitable effect of trying to create a new opportunity for someone from a legally defunct list constitutes a forbidden end-run-around the constitutional barrier.
The retroactive application of the Civil Service Law amendment — which creates a new right and, therefore, should be applied only prospectively — only compounds the Appellate Division’s and dissent’s mis-appreciation of this proscribed legislative effort.
Notably, though, our decision declaring Civil Service Law § 56 (3) unconstitutional does not nullify or affect the Appellate Division’s modified ruling insofar as the SDHR determination awards compensatory damages to Ricks for the original disability discrimination.
Finally, while the entire Court deplores, with a sense of frustration, the abysmal bureaucratic delays that add insult to the injury to the applicant in this case, and others like it, the majority discerns no principled distinction that would allow a legislative override to the higher constitutional provision at issue here. Ricks is, at long last, to receive some monetary compensation. To confer upon him, additionally and very belatedly, a newly declared right that is also imbued with a retroactive revitalization would introduce unwarranted precedential disturbance to this field of law.
Accordingly, in accordance with this opinion the judgment of the Appellate Division should be modified, without costs and, as so modified, affirmed.