■ In the Matter of VIVIAN PENA, Appellant, v NEW YORK CITY CIVIL SERVICE COMMISSION et al., Respondents. [811 NYS2d 66]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered August 24, 2004, which granted respondents' cross motion to dismiss the petition brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Rather than challenging the Police Department's action disqualifying petitioner from eligibility to be appointed a police officer, she brought this article 78 proceeding to challenge the ruling of the Civil Service Commission, to which she had appealed, declining to take action because the list had expired. The petition herein sought reinstatement of that administrative appeal. Even if the petition had challenged the Police Department's initial decision, it would have been time-barred (CPLR 217).

Nor did petitioner challenge the validity of the original list. On appeal, she seeks to be placed on a "special list," pursuant to Civil Service Law § 56 (3), contingent on reversal of her disqualification. However, in order to be placed on a special eligible list, she was required first to challenge the validity of the list itself prior to its expiration (*Matter of Colavito v New York City Civ. Serv. Commn.*, 277 AD2d 94 [2000]). Only if her challenge to the list itself was successful would petitioner have a remedy that comports with article V, § 6 of the New York State Constitution, in that the original list would have had no legal existence, and thus could not have expired, allowing for extension of a "corrected" list (*Matter of City of New York v New York State Div. of Human Rights*, 93 NY2d 768, 774-775 [1999]). Concur—Mazzarelli, J.P., Marlow, Nardelli, Gonzalez and McGuire, JJ.