SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.
Robert W. Damino, Jr., pro se, appeals the district court’s grant of summary judgment in favor of the City of New York, dismissing his complaint alleging race dis *681 crimination in violation of Section 1983 of Title 42 of United States Code, Section 296(l)(a) of the New York State Human Rights Law (“NYSHRL”), Section 61(1) of the New York State Civil Services Law (“NYSCSL”), and Article V, Section 6 of the New York State Constitution. Damino v. City of New York, No. CV-99-3638, 2004 WL 2032515 (E.D.N.Y. Sept. 13, 2004). We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review orders granting summary judgment de novo. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). “Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.” Id. In determining whether there are genuine issues of material fact, we are “required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (quotation marks omitted).
The standards for a claim under Section 296 of the NYSHRL are in accord with federal standards under Title VII of the Civil Rights Act of 1964. Ferrante v. American Lung Ass’n, 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 687 N.E.2d 1308 (1997). Thus, “[a] plaintiff must prove by a preponderance of the evidence that [he] applied for an available position for which [he] was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.” Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If a plaintiff establishes a prima facie case, the burden shifts to the employer to “articulate some legitimate, non-discriminatory reason for the employee’s rejection.” McDonnell Douglas Corp v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the employer meets this burden, the plaintiff must then demonstrate that “the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.” Burdine, 450 U.S. at 253, 101 S.Ct. 1089.
Damino alleges that the City’s system for ranking police officer candidates based on the results of its civil service examination discriminates against non-minority candidates. The district court concluded that, even assuming that Damino presented sufficient evidence to set forth a prima facie ease of discrimination under the NYSHRL, summary judgment for the City was appropriate because Damino failed to present any evidence showing that the City’s non-discriminatory reason for not hiring him — namely, his psychological disqualification — was pretextual.
Damino does not allege that his psychological evaluation was tainted by race-based discrimination. Damino did allege that his first examiner was motivated by gender bias. We agree with the district court that Damino does not point to evidence from which a reasonable jury could conclude that her assessment, confirmed on appeal by a second psychologist retained by the New York Police Department, was unworthy of credence or otherwise suggested discriminatory motive. See Damino, 2004 WL 2032515, at *7 n. n.
Damino argues that his psychological disqualification was not a legitimate reason for the City’s failure to hire him because it was vacated on appeal by the New York City Civil Service Commission (“CSC”) in 1999. The CSC dismissed Damino’s appeal of his psychological disqualification because Damino would not *682 have been hired as a police officer in any event. Damino had been ranked number 3384 on the list of applicants who took the civil service exam, but the highest number called before the expiration of the list was 2639. Damino argues that he was placed in a “catch-22” because, absent discrimination, his ranking would have been better and the CSC would not have determined that his appeal was moot. But, as the district court concluded, Damino was “psychologically disqualified throughout the period the list was in effect” and under New York state law, he was not eligible for a civil sendee position after the expiration of the list. Damino, 2004 WL 2032515, at *6 n. 10 (citing City of New York v. New York State Div. of Human Rights, 93 N.Y.2d 768, 775, 698 N.Y.S.2d 594, 720 N.E.2d 870 (1999)). Damino now argues that the City is at fault for delaying his appeal, but the evidence he presents does not suggest that the City’s motive was race discrimination.
As the district court concluded, Damino’s failure to demonstrate discriminatory motive on the part of the City is also fatal to his claim under Section 1983 that the City violated the Equal Protection Clause of the Fourteenth Amendment. See Howard v. Senkowski, 986 F.2d 24, 27 (2d Cir.1993).
Finally, the district court did not err in dismissing Damino’s claim that the City’s hiring procedures were not merit-based in violation of Section 61(1) of the NYSCSL and Article V, Section 6 of the New York State Constitution. Damino’s claim was subject to the four-month statute of limitations for proceedings that must be brought under Article 78 of the New York Civil Practice Law. See N.Y. C.P.L.R. § 217. Damino does not dispute that he failed to bring his claim within four months of September 1992, when he received notice that the rankings were assigned in part by a randomized process, and therefore, were not solely based on an applicant’s merit.
We have considered all of Damino’s remaining arguments on appeal and determined that they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.