■ In the Matter of ANTHONY L. CROCIATA, Respondent, v SALVATORE J. CASSANO, as Fire Commissioner of the City of New York, et al., Appellants. [30 NYS3d 894]—

In a proceeding pursuant to CPLR article 78 to review a

determination of Salvatore J. Cassano, as Fire Commissioner of the City of New York, declining to promote the petitioner to the rank of fire marshal, Salvatore J. Cassano, as Fire Commissioner of the City of New York, and the City of New York appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Lewis, J.), dated March 7, 2014, as granted those branches of the petition which were to direct them to place the petitioner's name on a special eligible list for promotion to the rank of fire marshal and reconsider him for such promotion.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, those branches of the petition which were to direct Salvatore J. Cassano, as Fire Commissioner of the City of New York, and the City of New York to place the petitioner's name on a special eligible list for promotion to the rank of fire marshal and reconsider him for such promotion are denied, and the proceeding is dismissed in its entirety.

The only available remedy to a Civil Service examinee who is determined to have been improperly passed over for an appointment or promotion is a judicial direction for reconsideration (*see Matter of Andriola v Ortiz*, 82 NY2d 320, 325 [1993]; *Matter of Imburgia v Procopio*, 98 AD3d 617, 619 [2012]; *Matter of Trager v Kampe*, 16 AD3d 426, 428 [2005]). However, the relief awarded by the Supreme Court herein—directing the appellants to reconsider the petitioner's application for promotion—was improper, as the eligible list on which his name appeared expired by operation of law on August 12, 2013 (*see* Civil Service Law § 56 [1]), and, although he commenced the instant proceeding before that date, he failed to adequately allege that the list itself was constitutionally invalid (*see Matter of City of New York v New York State Div. of Human Rights*, 93 NY2d 768, 776 [1999]; *Matter of Deas v Levitt*, 73 NY2d 525, 531 [1989]; *Matter of Carozza v City of New York*, 37 AD3d 247, 248 [2007]; *Matter of Pena v New York City Civ. Serv. Commn.*, 27 AD3d 293, 294 [2006]). Accordingly, the court erred in directing the appellants to place the petitioner's name on a special eligible list for promotion to the rank of fire marshal and reconsider him for such promotion.

In light of our determination, the appellants' remaining contention is academic. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.