Matter of New York State Div. of Human Rights v Engolos LLC

2026 NY Slip Op 02927

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of New York State Division of Human Rights, Petitioner,

v

Engolos LLC, Doing Business as Plein Sud et al., Respondents.

Decided and Entered: May 12, 2026

Index No. 4510501/20|Appeal No. 6596|Case No. 2024-05286|

Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Melissa Franco, N.Y.S. Division of Human Rights, Bronx (Aaron M. Woskoff of counsel), for petitioner.

[*1]

Application pursuant to Executive Law § 298 to enforce the order of petitioner State Division of Human Rights (DHR), dated April 29, 2016, which found that respondents Engolos LLC d/b/a Plein Sud and Ehsan Pishyar discriminated against complainant Israel Aguilar Perez on the basis of his national origin and directed Engolos and Pishyar to pay complainant back pay in the principal amount of $31,320 and compensatory damages for mental anguish and humiliation in the principal amount of $10,000 and to pay the State of New York civil fines and penalties in the principal amount of $20,000 (transferred to this Court by order of Supreme Court, New York County [Debra A. James, J.], entered February 28, 2024), unanimously granted, and the order confirmed, without costs.

DHR's findings are supported by "sufficient evidence on the record considered as a whole" (Executive Law § 298; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). The record establishes that complainant is of Mexican national origin, that he was qualified for the position as a kitchen worker, that his supervisor referred to him in derogatory terms, including a derogatory reference to his national origin, and that Engolos and Pishyar fired him after he got into a dispute with his supervisor. Further, Engolos and Pishyar did not fire complainant's supervisor after that dispute, even though the supervisor was arrested after complainant told the police that the supervisor had assaulted him. Accordingly, complainant established a prima facie case of discrimination (see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 330 [2003]).

"Once a prima facie case is made, the burden of production shifts to the employer to rebut the presumption with evidence that the complainant was discharged for a legitimate, nondiscriminatory reason" (id.). DHR properly found that Engolos and Pishyar failed to articulate a legitimate, nondiscriminatory reason for terminating complainant's employment.

DHR also properly determined that Engolos and Pishyar are liable for fostering a hostile work environment. DHR credited the unrebutted testimony that complainant's supervisor, who is outside complainant's protected class, repeatedly directed ethnicity-based slurs at complainant. The evidence submitted shows that the supervisor also hit complainant in the head with a frying pan and then continued to insult him during the dispute that led to complainant's termination. These facts establish a hostile work environment based on complainant's national origin.

[*2]

The awards of back pay (Executive Law § 297 [4] [c] [ii]), compensatory damages (see e.g. Matter of City of New York v New York State Div. of Human Rights, 250 AD2d 273, 278 [1st Dept 1998], mod on other grounds 93 NY2d 768 [1999]), and civil fines and penalties (Executive Law § 297 [4] [c] [vi]) are proper. The awards are "reasonably related to the wrongdoing," "supported by evidence before the Commissioner," and comport "with other awards for similar injuries" (Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 219 [1991]). Further, the fines and penalties are not "so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1566 [4th Dept 2014] [internal quotation marks omitted]; see e.g. Matter of New York State Div. of Human Rights v International Fin. Servs. Group, 162 AD3d 576, 577 [1st Dept 2018]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026